# REPORTS OF THE DECISIONS

OF THE

# SUPREME COURT OF THE UNITED STATES,

## OCTOBER TERM, 1875.

---

McComb, Executor, *v.* Commissioners of Knox County, Ohio.

The judgment of the Supreme Court of a State reversing that of a Court of Common Pleas, and remanding the cause for "further proceedings according to law," is not final; nor can the judgment subsequently rendered by the inferior court be re-examined here.

Error to the Court of Common Pleas for the County of Richland, State of Ohio.

The facts are stated in the opinion of the court.

*Mr. W. H. Smith* for the defendant in error. No counsel appeared for the plaintiff in error.

Mr. Chief Justice Waite delivered the opinion of the court.

The Commissioners of Knox County having sued McComb in the Court of Common Pleas of Richland County, he filed an answer to their petition, to which they demurred, alleging for cause that it did not contain facts sufficient to bar the action. This demurrer was overruled, and replies were thereupon filed. McComb then demurred to the replies, because the facts stated did not constitute a defence to the matter set up in the answer. This demurrer was sustained, and judgment given in favor of McComb.

The case was then taken by writ of error to the Supreme

Court of the State, where the judgment of the Common Pleas was reversed for error in sustaining the demurrer to the replies, and overruling that to the answer; but, upon suggestion by McComb that he might ask leave to amend his answer, the cause was remanded "for further proceedings according to law." Upon the filing of the mandate in the Common Pleas, that court, in accordance with the decision of the Supreme Court, overruled the demurrer to the replies, and sustained that to the answer. McComb did not ask leave to amend his answer, but elected to rely upon his defence, as already stated. Thereupon the court gave judgment against him upon the case made by the petition.

This writ of error is prosecuted to reverse that judgment.

The Court of Common Pleas is not the highest court of the State; but the judgment we are called upon to re-examine is the judgment of that court alone. The judgment of the Supreme Court is one of reversal only. As such, it was not a final judgment. *Parcels* v. *Johnson*, 20 Wall. 653; *Moore* v. *Robbins*, 18 id. 588; *St. Clair* v. *Lovingston*, id. 628. The Common Pleas was not directed to enter a judgment rendered by the Supreme Court and carry it into execution, but to proceed with the case according to law. The Supreme Court, so far from putting an end to the litigation, purposely left it open. The law of the case upon the pleadings as they stood was settled; but ample power was left in the Common Pleas to permit the parties to make a new case by amendment. In fact, the cause was sent back for further proceedings because of the suggestion by McComb that he might want to present a new defence by amending his answer.

The final judgment is, therefore, the judgment of the Court of Common Pleas, and not of the Supreme Court. It may have been the necessary result of the decision by the Supreme Court of the questions presented for its determination; but it is none the less, on that account, the act of the Common Pleas. As such, it was, when rendered, open to review by the Supreme Court, and for that reason is not the final judgment " of the highest court in the State in which a decision in the suit could be had." Rev. Stat. sect. 709.

*The writ is dismissed.*