## FENTON *v.* SALT LAKE COUNTY.

3  423
4  466
4* 241
11* 611

No ACTION LIES AGAINST A COUNTY UNLESS THE CLAIM WHICH IS MADE THE SUBJECT-MATTER OF THE LITIGATION is first presented to the county court of the county, and by that body disallowed. A complaint which fails to allege this fact does not state a cause of action against the county.

APPEAL from the third district court. The opinion states the facts.

*Zerubbabel Snow,* for the appellant.

The complaint does not state facts sufficient to constitute a cause of action against this defendant. It does not state that the plaintiff before the commencement of this action laid before the county court of the county his claim or demand, with the evidence to sustain it, and that the county court rejected said claim.

The counties in Utah, like counties in the states, are municipal corporations. They are only subdivisions of the territory—branches of the domestic government: See *Railroad Company* v. *County of Otoe,* 16 Wall. 676 ; *The Mayor* v. *Ray,* 19 Id. 475 ; Angell & Ames on Corp. 14, 20, secs. 18, 23.

A territory can not be sued without its consent—I trust I need no authority for this—neither can a corporation created by the territory sue or be sued without the consent of the creator. True, in the absence of any direct provisions in the charter of a corporation authorizing it to sue or be sued, the right to sue and be sued, to defend and be defended, exists by implication : Angell & Ames on Corp. 99, sec. 100.

This implication is a presumption of law—i. e., it is presumed the legislature intended to give the right—but this presumption does not take away the right of the legislature to prescribe conditions and terms upon which the action may be commenced, conducted, and closed : Angell & Ames on Corp. 101, sec. 111.

As municipal corporations are created for the general good of the inhabitants within its locality, it is fair to presume that no action would be brought by it except for what the officers elected by the people believed to be just. No restraint

against bringing an action by them need [be given. As the law presumes that municipal officers will conduct the municipal government for the general good, it is only just that before an action be brought against the municipality the claim, demand, or cause of the suit should be laid before the trustees, with the evidence of its justness. This our legislature has required: See acts of Utah, 1878, pp. 3, 4, sec. 3, 6.

This he did not do before he brought his action. He should have done it and averred it in his complaint, and that the county court rejected it: See 2 Dillon on Mun. Corp., 3d ed., sec. 937.

*J. D. Lomax*, for the respondent.

No brief on file.

EMERSON, J.:

This action was brought against the county of Salt Lake and others to recover damages for injuries to plaintiff's land, caused by constructing canals near said land, and diverting the waters of a natural stream therefrom, and to which was added a prayer for equitable relief.

The case was dismissed as to the defendants other than Salt Lake county. The county demurred to the complaint, which was overruled, and the issues raised by its answer were tried by a referee, upon whose report of findings of fact and conclusions of law a judgment was entered in favor of the plaintiff and against the defendant county for two thousand dollars damages and costs of suit, together with a decree that the defendant county restore to the plaintiff a certain portion of the natural stream flowing through his said land. From this judgment the county appeals to this court.

Various exceptions were taken to the findings and report of the referee, none of which will be noticed here, as the case will be disposed of upon the point raised by the demurrer. The demurrer raises the point that the complaint does not state facts sufficient to constitute a cause of action against the defendant county, inasmuch as there is no averment that the claim was presented to and disallowed by the county court in accordance with the provisions of section 6 of an act of the territorial legislature approved February 18, 1878.

The section referred to provides that "no action shall be commenced or maintained against any county, until the person or party having a claim, demand, or right of action shall present the same to the county court thereof, with proof of the correctness of such claim, demand, or right; and until the same shall have been disallowed by said court." The next section provides that if a claim or demand is not audited in four months after presentation it shall be deemed to be disallowed: Sess. Laws, 1878, p. 4.

This provision is founded in wisdom, and is in furtherance of a judicious public policy to prevent needless litigation, and save unnecessary expense and costs by affording an opportunity amicably to adjust all claims of every nature against a county before suit brought. The right to commence or maintain any action against a county is, by the statute, made to depend upon the fact that the claim, demand, or right of action has first been presented to the county court, and has been disallowed either expressly or by non-action.

This fact must be stated in the complaint. It is a substantial allegation, upon which the plaintiff's right of recovery depends, and without it the complaint fails to state a cause of action against a county.

The judgment of the court below is reversed and the cause remanded, with instruction to that court to sustain the demurrer.

HUNTER, C. J., and TWISS, J., concurred.