## THOMAS FENTON, Appellant, *v.* SALT LAKE COUNTY, Respondent.

Appeal.—Judgment upon remittitur, directing demurrer to be sustained, plaintiff having elected to stand upon complaint, leaves no error to be considered.

Appeal from a judgment of the third district court. The opinion states the facts.

*Mr. J. D. Lomax,* for the appellant.

*Mr. Z. Snow,* for the respondent.

Powers, J.:

This case was first before this court in June, 1884, and is reported in 3 Utah, 423. At that time this court held that the demurrer overruled in the court below should have been sustained, and the judgment was reversed, with instructions to the lower court to sustain the demurrer. This court said: "The demurrer raises the point that the complaint does not state facts sufficient to constitute a cause of action against the defendant county, inasmuch as there is no averment that the claim was presented to, and disallowed by, the county court, in accordance with the provisions of section 6 of an act of the territorial legislature approved Febuary 18, 1885. The section referred to provides that 'no action shall be commenced or maintained against any county until the person or party having a claim, demand, or right of action shall present the same to the county court thereof, with proof of the correctness of such claim, demand, or right, and until the same shall have been dissallowed by said court.' The next section provides that if a claim or demand is not audited in four months after presentation it shall be deemed to be disallowed. See Laws 1878, p. 4. This provision is founded in wisdom, and in furtherance of a judicious pub-

lic policy to prevent needless litigation, and to save unneces-
sary expense and costs, by affording an opportunity amic-
ably to adjust all claims of every nature against a county
before suit brought. The right to commence or maintain
any action against a county is, by the statute, made to de-
pend upon the fact that the claim, demand, or right of
action has first been presented to the county court, and
has been disallowed either expressly or by non-action. This
fact must be stated in the complaint. It is a substantial
allegation, upon which the plaintiff's right of recovery
depends, and without it the complaint fails to state a cause
of action against the county."

The cause being remanded to the lower court, and the
defendant electing to stand upon his complaint, on the
eleventh day of December, 1884, the lower court made the
the following order: "This cause being brought on to be
heard upon the *remittitur* from the supreme court herein,
and upon the demurrer to the complaint herein, and the
court now being fully advised in the premises, and on
motion of Z. Snow, attorney for the defendant, it is
ordered that the demurrer herein be, and the same is
hereby sustained; and it is further ordered, adjudged, and
decreed that said plaintiff take nothing by his said suit,
and that the complaint herein be dismissed; and it is
further ordered, adjudged, and decreed that the said de-
fendant, Salt Lake county, have and recover from the
plaintiff its costs herein expended, and taxed at $289.03,
together with said defendant's costs incurred in the
supreme court, and taxed therein at $147—in all, $436.03."

From this judgment the plaintiff appeals to this court,
as he is entitled to do: *McComb* v. *Commissioners*, 91 U.
S., 1. The only question which is now before us to pass
upon, is whether the court below followed the order of
the supreme court. It having done so, there is no error
for us to consider, and judgment is affirmed, with costs.

ZANE, C. J., and BOREMAN, J., concurred.