# HASELTINE *v.* CENTRAL BANK OF SPRINGFIELD, MISSOURI (NO. 1).

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 62.   Submitted October 29, 1901.—Decided December 2, 1901.

The judgment of the Supreme Court of a State reversing that of the court below, and remanding the case for further proceedings to be had therein, is not a final judgment, nor, is this court at liberty to consider whether such judgment was an actual final disposition of the merits of the case. The face of the judgment is the test of its finality.

THIS was an action brought originally in the Circuit Court for Greene County, Missouri, by the Haseltines against the Central National Bank, to recover double the amount of certain alleged usurious interest paid by the plaintiffs to defendant, and which they sought to recover under the second clause of Rev. Stat. sec. 5198, providing that "in case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same."

The trial court rendered judgment in favor of the plaintiffs for $831.70. From this judgment defendant appealed to the Supreme Court of the State, which reversed the judgment of the trial court upon the ground that the plaintiffs had neither paid nor tendered the principal sum due, and remanded the cause "for further proceedings to be had therein, in conformity with the opinion of this court herein delivered."

Defendant moved to dismiss the writ of error upon the ground that this was not a final judgment.

*Mr. S. A. Haseltine* and *Mr. James Baker* for plaintiffs in error.

*Mr. John Ridout* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The motion to dismiss must be granted. We have frequently held that a judgment reversing that of the court below, and remanding the case for further proceedings, is not one to which a writ of error will lie. The case of *Mower* v. *Fletcher*, 114 U. S. 127, is not in point, as the judgment of the Supreme Court of the State remanded that case to the inferior court with an order to enter a specified judgment, nothing being left to the judicial discretion of the court below. A like ruling was made in *Atherton* v. *Fowler*, 91 U. S. 143, and *Commissioners of Tippecanoe County* v. *Lucas*, 93 U. S. 108.

While the judgment may dispose of the case as presented, it is impossible to anticipate its ultimate disposition. It may be voluntarily discontinued, or it may happen that the defeated party may amend his pleading by supplying some discovered defect, and go to trial upon new evidence. To determine whether, in a particular case, this may or may not be done, might involve an examination, not only of the record, but even of the evidence in the court of original jurisdiction, and lead to inquiries with regard to the actual final disposition of the case by the Supreme Court, which it might be difficult to answer. We have, therefore, always made the face of the judgment the test of its finality, and refused to inquire whether, in case of a new trial, the defeated party would stand in a position to make a better case. The plaintiffs in the case under consideration could have secured an immediate review by this court, if the court as a part of its judgment of reversal had ordered the Circuit Court to dismiss their petition, when, under *Mower* v. *Fletcher*, they might have sued out a writ of error at once.

*McComb* v. *Knox County Commissioners*, 91 U. S. 1, is a case in point. That was a writ of error to the Court of Common Pleas of the State of Ohio. The case had been taken to the Supreme Court of the State, where the judgment of the Common Pleas was reversed for error in sustaining a demurrer to the replies, and overruling that to the answer. Upon suggestion by defendant that he might ask leave to amend his answer, the case was remanded "for further proceedings according to

law." Upon the mandate being filed, defendant did not ask leave to amend his answer, but elected to rely upon his defence already made. Thereupon the court gave judgment against him, and he sued out a writ of error from this court. We held that the judgment of the Supreme Court, being one of reversal only, was not final; that so far from putting an end to the litigation, it purposely left it open; that the law of the case upon the pleadings as they stood was settled, but ample power was left in the Common Pleas to permit the parties to make a new case by amendment; that the final judgment was that of the Common Pleas; that "it may have been the necessary result of the decision of the question presented for its determination; but it is none the less, on that account, the act of the Common Pleas," and was, when rendered, open to review by the Supreme Court. The writ was dismissed. A similar case is that of *Great Western Telegraph Co.* v. *Burnham*, 162 U. S. 339.

This writ of error is therefore dismissed upon the authority of *Brown* v. *Union Bank of Florida*, 4 How. 465; *Pepper* v. *Dunlap*, 5 How. 51; *Tracy* v. *Holcombe*, 24 How. 426; *Moore* v. *Robbins*, 18 Wall. 588; *St. Clair Co.* v. *Lovingston*, 18 Wall. 628; *Parcels* v. *Johnson*, 20 Wall. 653; *Baker* v. *White*, 92 U. S. 176; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Johnson* v *Keith*, 117 U. S. 199.

*Dismissed.*