PUENTE ET AL. *v.* PUENTE ET AL.

APPEAL from the District Court of Ponce.

No. 731.—Decided December 20, 1911.

JUDGMENT—INTERPRETATION.—The judgment of a court should be interpreted according to the meaning of the words employed therein, and when the same conforms with the opinion the latter may be consulted to determine the true significance of the former in case of doubt.

ID.—DECLARATION OF HEIRS.—After an examination of that part of the judgment rendered by this court in the case of *Puente et al.* v. *Puente et al.,* de-

cided June 18, 1910, which directed the district court to "proceed to the consideration and decision of said claims in conformity with the procedure established by the Act of Special Legal Proceedings," it was held that the intention of said judgment was that the trial court should. grant a new trial and rehear the parties, allowing them to introduce pertinent evidence so that said court might decide definitely upon the rights of the parties.

ID.—INTERPRETATAION OF JUDGMENT—OBJECTION TO DECLARATION OF HEIRS.—
In the case at bar the Supreme Court held that the trial court committed error in overruling the objection of the appellants to the declaration of heirs applied for by the appellees, and that in accordance with the judgment rendered by this court on June 18, 1910, in a suit between the same parties the court should hear the objection and decide the same definitely.

EX PARTE PROCEEDINGS.—The trial court committed error in considering these proceedings as *ex parte* in character. They being contentious, it should hear all the interested parties in order to decide definitely all of the claims.

The facts are stated in the opinion.

Mr. *N. B. K. Pettingill* for appellants.

Mr. *Carlos López de Tord* for appellees.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit in regard to a declaration of heirship. This is the second time that it has been before this court. The first appeal was taken by the respondents herein from a judgment declaring the present appellants to be the heirs-at-law of Lázaro Puente y Compostizo who died in Ponce during the year 1908. This judgment was reversed by the Supreme Court, on the former appeal, on June 18, 1910, which therein rendered a judgment as follows:

"This court has carefully considered the transcript of the record in this case and the briefs filed by the parties thereto, and for the reasons set forth in the foregoing opinion, decides:

"1st. To reverse, as it hereby reverses, the judgment appealed from, which was rendered by the District Court of Ponce on January 8, 1909, in so far as it declared Justo Martín and María Juana Armsterdam the *abintestato* heirs of Lázaro Puente y Compostizo, as the natural acknowledged children of the latter;

"2d. To reverse, as it hereby reverses, the judgment appealed from, in so far as it dismissed the claims of the contestants and appellants, Maximino, Lino, Juliana and Facundo Puente y Compostizo, and Félix ,Visitación, Daniel, Esperanza and María Puente y Solano, and the trial court should proceed to consider and decide said claims in compliance with the procedure fixed by. the law of special pro-

ceedings of March 9, 1905, in accordance with the facts and the law; and

"3d. To affirm, as it hereby affirms, the judgment appealed from, in so far as it dismissed the petition of the contestant and appellant, Antonia Rodríguez."

Owing to the delay caused by an appeal taken from the said judgment to the Supreme Court of the United States, which was afterwards dismissed, a certified copy of the judgment of this court was not remitted to the District Court of Ponce until April last; thereupon the plaintiffs therein, who are here the appellants, filed an amendment to their petition praying to be declared heirs of the deceased, and also filed an answer to the cross-complaint of the respondents, copies of which were duly served upon counsel of record.

Before any hearing of the questions presented by these pleadings, respondents presented to the district judge a motion for judgment, which was afterwards withdrawn, and they then presented a motion to strike from the files of the case the pleadings presented by the appellants, thereupon filing a new petition to be declared heirs, accompanied by affidavits in support of the same. Thereafter, on May 13 last, without notice to or hearing of the opposing counsel, the trial court entered an order granting the motion to strike appellants' pleadings from the files, giving as the reasons for such order that "by the decision of the Supreme Court of Porto Rico of June 18, 1910, with respect to this litigation, the rights of Justo, Martín and María Juana Armsterdam had been finally determined." And afterwards, on the same day, also without notice to or hearing of the opposing parties, the appellants herein, the court entered its judgment declaring the respondents to be the heirs at law of the said Lázaro Puente y Compostizo.

From this judgment the appellants herein took an appeal and have filed a transcript in this case showing all the pleadings had herein since the former appeal, and assigning four errors alleged to have been committed by the court below in

the course of the proceedings taken therein. These assignments read as follows:

"I. The court below erred in striking out, upon the motion of appellees, the pleading of appellants asking leave to amend their original petition to be declared heirs at law of said Lázaro Puente.

"II. The court erred in striking out, upon motion of appellees, the opposition filed by appellants to the petition of appellees to be declared such heirs.

"III. The court erred in disposing of the pleadings filed by the appellants on April 29, 1911, without hearing them and deciding upon their merits.

"IV. The court erred in granting the petition of appellees to be declared heirs at law of Lázaro Puente without notice to appellants or allowing them to be heard in opposition thereto."

These four propositions will be examined in their regular order.

The *first* assignment involves the proper construction to be given to the judgment of this court rendered in June, 1910, and heretofore set out at length. This judgment was construed by the district court to mean that the rights of the plaintiffs, the Armsterdams, were finally determined thereby. We might say, as well here as later, that the proper construction of this judgment is to be determined, not by what this court or its individual members may have intended to express at the time the said judgment was rendered, but by the proper meaning and interpretation of the language used on that occasion. This principle is analogous to that underlying the construction of statutes, which is to follow the intention of the legislature as expressed in the statute and not what may have been the intention of the individual legislators or a majority of them in enacting the law; and this view of the matter is the more reasonable and fair to all parties when we consider the position of the trial court which must have been governed solely by the language used in the judgment itself without any light of circumstances which could be brought to view outside the record. (*Hazle-*

*tine* v. *Central Bank,* 183 U. S., 131.)   However, as the judgment was entered in accordance with the opinion we may very properly consult the same to determine the meaning and, in case of doubt, as to the proper construction to be put upon the language used.   We find in the opinion that this court considered that the case of the Armsterdams must fail under the statute of limitation and so that the trial court should have decided against them.

Properly analyzing the former judgment of this court, it appears clear that therein three matters were decided:

First. That the particular part of the judgment of the district court which declared the Armsterdams entitled to be considered as the heirs of Puente, was reversed;

Second. That the part of the judgment which declared the Puente-Compostizos and Puente-Solanos not to be so entitled as heirs was also reversed; and

Third. That the part of the judgment of the district court declaring Rodríguez not to be entitled to be considered as heir of the deceased Puente was affirmed.

The district court was directed in the said judgment of the Supreme Court to "proceed to consider and decide said claims in accordance with the procedure fixed by the law of special proceedings."   This direction was contained in a clause inserted under the second division of the judgment as hereinbefore set forth.   All this will appear from an inspection of the judgment itself.   The appellants contend that by this language the Supreme Court expressly directed the district court to proceed precisely as if the judgment rendered by the latter had never been entered; at least, that this was the effect as far as the parties herein concerned were affected. If this construction of our former judgment is correct, then the district court was required to rehear the case either upon the pleadings as they then stood or on such amendments as that court might in its discretion permit, not failing to apply to the pleadings and evidence which might be presented thereon at the new trial such principles of law

as had been announced by the Supreme Court upon appeal. The respondents contend that this court had by its judgment of June, 1910, eliminated the plaintiffs, Justo, Martín and María Juana Armsterdam, from the case, and had decided that they were not entitled to be considered as heirs of the deceased; in fact, that they were to be held in the same position as the defendant Rodríguez had been placed by the decision of the district court, which was afterwards affirmed by the Supreme Court; and that all that the district court had to do was to proceed with the claims of the defendants, who are the respondents here, according to the law of special proceedings, and to decide whether or not they were entitled to be considered as heirs of the deceased Puente y Compostizo. The record in the former case showed that in the first trial in the district court no evidence was allowed to be heard on the part of the Armsterdams, except one single item of proof, which was a judgment of recognition previously rendered by the same court and afterwards declared erroneous by the Supreme Court. Grammatically considered, the special direction for a new trial applied only to those parties mentioned in the second section of the judgment and could not be extended to the other sections or to the parties mentioned therein. Then, in so far as the appellants are concerned the matter stands as if no directions had been given in regard to their future consideration in connection with the case.

It could hardly be supposed, however, that this court intended by the judgment of reversal to debar the appellants entirely from having at least one opportunity to present their case and the evidence supporting it to the trial court. Such a proceeding appears to be proper and necessary for the protection of their rights. They were certainly entitled to their day in court; otherwise it might be claimed that they had been denied a hearing and deprived of their property, or whatever claim they had thereto, without due process of law.

The Supreme Court might, in June, 1910, upon revers-

ing the judgment rendered by the court below, have entered a judgment itself establishing the rights of the parties, if it had considered that sufficient evidence appeared in the record to warrant it in so doing: but it did not enter such a judgment; it only reversed the judgment as to the appellants and respondents in this suit and affirmed it as to the defendant, Rodríguez, and remitted it to the district court for further proceedings. This was not the final determination of the case, nor, in our view, was it so intended to be. But it was evidently intended that the defendant Rodríguez should be eliminated from the case, as the judgment of the district court already rendered had done this very thing and was by the judgment of the Supreme Court affirmed. The effect of the judgment of this court rendered in June, 1910, was also clear that the district court should determine the rights of the parties, Puente y Compostizo and Puente y Solano, so far as concerned their claims to be considered as heirs of the deceased Lázaro Puente. No directions are given by our judgment to the district court in regard to what specific action should be taken touching the claims of the parties Armsterdam. The final determination which should be made in the case in regard to the parties named in the first and second sections of the judgment of June, 1910, was left to the discretion of the lower court, guided by the considerations advanced and the conclusions reached in this court, and as the matter was remitted to the lower court for a final decision, this necessarily involved a new trial, including a new hearing of the parties on both sides. This court did not enter a judgment putting an end to the controversy between the said parties, but imposed that duty upon the district court and that court was required to perform the same according to law. (*McComb* v. *County Commissioners*, 91 U. S., 1; *Haseltine* v. *Central Bank*, 183 U. S., 130; *Martínez* v. *Inter. Banking Corp.*, 220 U. S., 223.)

In regard to the *second* assignment of error we would

say that the district court clearly erred in striking out the opposition filed by the appellants to the petition of the respondents to be declared heirs of Lázaro Puente. This action was contrary to the express direction of the judgment of this court rendered in June, 1910. Even according to the view taken by the respondents of the proper construction to be placed on the judgment of this court, the district court was required to "proceed to consider and decide their claims according to the procedure fixed by the law of special proceedings and in accordance with the law and the facts." There was no way of determining the facts in the case except by the hearing of evidence, and such hearing of evidence necessarily involves the consideration of the opposition filed by the appellant herein. Section 20 of the Law of Special Proceedings clearly gives to persons having rights opposed to the party whose claims are about to be considered the right to file their answers thereto. Of course, their pleadings to be effective must be sustained by some evidence. This section clearly provides for a hearing between the several parties having conflicting claims and does not contemplate an *ex parte* proceeding, as seems to be the view of the trial court in disposing of this question below. Of course, there is no telling what may have been the exact result of such a hearing, but the hearing itself should have been held, and the appellants should not have been deprived of their opportunity to be heard by an order made *ex parte* striking their opposition from the files of the court. Such action on the part of the court below seems to us to have been clearly erroneous.

Third. But the court below disposed of the pleadings filed by these appellants in April last, without hearing them or considering their merits. The case upon which the first judgment was rendered was a contested proceeding, one in which both the petitioners and cross-petitioners, in fact all the claimants who appeared in court, were heard. There is not in the record any order eliminating any party, except that it might have been Rodríguez, from the case and until

such an order was made eliminating these appellants they certainly were parties to the suit and should have been so considered; so that an order made by the district court after the case was remanded thereto, striking out the pleadings of either party from the files without notice because they were no longer parties to the suit, must have been erroneous. Before either of the parties, appellants or respondents herein, could have been excluded from the record they were entitled to notice of the motion soliciting such action of the court and to be heard thereon prior to the making of any order to that effect. If the decision of this court had been intended to have any such effect it would certainly have been so clearly expressed therein, which it was not, as can easily be seen by a perusal of the judgment rendered here in June, 1910.

Fourth. It appears that the court below declared the respondents herein to be the heirs-at-law of Lázaro Puente, without notice to the appellants and without allowing them to be heard in opposition thereto; that they had come to the court with their pleadings seeking to be heard and to make an opposition and to introduce evidence in support of their claims. As we have already said, this is not an *ex parte* proceeding and could not be under section 20 of the Law of Special Proceedings; therefore, the court below erred in making it so and in granting the petition of the respondents after closing the mouths of the appellants herein rejecting their claims and their pleadings and the evidence in support thereof, whatever it may have been, without any consideration whatever. And this proceeding could not be changed from a contested one to an *ex parte* one, or *vice versa,* at the pleasure of the attorneys or even of the judge, at least without some order entered to that effect, which should have been made only after due hearing of all the parties concerned.

Taking these views of the case at bar as presented on this appeal, we are of opinion that the final judgment from

which this appeal is taken entered by the District Court of Ponce on May 13, 1911, should be reversed and the cause should be remanded to the said trial court with directions to vacate all the orders made in this case since the same was remanded thereto, and to hear and determine the pretensions of both appellants and respondents after permitting such amendments as either may desire to make to their pleadings; and after a consideration of all the proper evidence which may be adduced in support of their respective claims to proceed to a final judgment in all respects according to the law as laid down by this court on the former appeal and in the opinion herein rendered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.