PUENTE ET AL. *v.* PUENTE ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 731.—Resuelto en diciembre 20, 1911.

SENTENCIA—INTERPRETACIÓN.—La sentencia de un tribunal debe interpretarse siguiendo la significación de las palabras usadas en la misma, y cuando la sentencia esté de conformidad con la opinión puede examinarse ésta para determinar la verdadera significación de aquélla en caso de duda.

ID.—DECLARATORIA DE HEREDEROS.—Examinada aquella parte de la sentencia dictada por este tribunal en el caso de *Puente et al.* v. *Puente et al.,* resuelto en junio 18, 1910, que ordenaba a la corte de distrito que ''procediera a considerar y resolver dichas reclamaciones de conformidad con el procedimiento fijado en la Ley de Procedimientos Legales Especiales,'' se resolvió que la intención de dicha sentencia era que la corte sentenciadora celebrara un nuevo juicio, oyendo de nuevo a las partes y permitiéndoles la presentación de pruebas pertinentes, para que dicho tribunal resolviera definitivamente los derechos de las partes.

ID.—INTERPRETACIÓN DE SENTENCIA—OPOSICIÓN A LA DECLARATORIA DE HERE-
DEROS.—En el caso de autos el Tribunal Supremo resolvió que cometió error
el tribunal inferior al eliminar la oposición formulada por los apelantes a
la declaratoria de herederos solicitada por los apelados, y que de acuerdo
con la sentencia dictada por este tribunal en junio 18, 1910, en un pleito entre
las mismas partes debió el tribunal oir la oposición formulada y resolverla
definitivamente.

ID.—PROCEDIMIENTO EX PARTE.—Cometió error el tribunal sentenciador al con-
siderar este procedimiento como de carácter *Ex parte,* siendo contencioso, de-
biendo oir a todas las partes interesadas para resolver las reclamaciones de
todos en definitiva.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. N. B. K. Pettingill.*

Abogado de los apelados: *Carlos López de Tord.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tri-
bunal.

Este es un pleito sobre declaratoria de herederos. Esta
es la segunda vez que viene a este tribunal. La primera ape-
lación fué interpuesta por los apelados en esta acción contra
la sentencia que declaraba a los actuales apelantes como here-
deros legítimos de Lázaro Puente y Compostizo que falleció
en Ponce en el año 1908. Esta sentencia fué revocada por el
Tribunal Supremo, en la primera apelación, en 18 de junio
de 1910, en la que dictó la siguiente sentencia:

"Habiendo este tribunal estudiado cuidadosamente las transcrip-
ciones en este caso y los alegatos de las partes interesadas, por los
motivos consignados en la opinión que antecede, resuelve:

"1°. Revocar como revoca la sentencia apelada que dictó la Corte
de Distrito de Ponce el 8 de enero de 1909, en cuanto se declaró a
Justo Martín y María Juana Armsterdam herederos abintestato de
Don Lázaro Puente y Compostizo como hijos naturales reconocidos del
mismo;

"2°. Revocar como revoca la sentencia apelada en cuanto rechazó
las pretensiones de los opositores y apelantes, Maximino, Lino, Juliana
y Facunda Puente y Compostizo, y Félix, Visitación, Daniel, Espe-
ranza y María Fuente y Solana, debiendo la corte sentenciadora pro-
ceder a considerar y resolver dichas pretensiones por los trámites de
la ley de procedimientos legales especiales de 9 de marzo de 1905, de
acuerdo con los hechos y la ley; y

"3º. Confirmar como confirma la sentencia apelada en cuanto desestimó la petición de la opositora y apelante Antonia Rodríguez."

Debido a la pérdida de tiempo ocasionada con motivo de la apelación interpuesta contra la referida sentencia para ante el Tribunal Supremo de los Estados Unidos, que fué después desestimada, no se remitió a la Corte de Distrito de Ponce copia certificada de la sentencia de este tribunal hasta abril último; por lo que, los demandantes en aquella acción que son ahora los apelantes presentaron una enmienda a su solicitud en la que pedían se les declarase herederos del finado, y también su oposición a la contrapetición de los apelados, entregándose oportunamente copias a los abogados de la parte contraria según los autos.

Antes de la celebración de la vista sobre los puntos suscitados en las referidas alegaciones, los apelados presentaron al juez de distrito una solicitud pidiendo se dictara sentencia, de la que después desistieron, presentando luego una moción en la que solicitaban la eliminación de los escritos radicados por los apelantes, presentando al propio tiempo una petición solicitando se les declarase herederos, la que iba acompañada de declaraciones juradas en apoyo de la misma. Posteriormente, en 13 de mayo último, sin que a los abogados de los apelantes se les notificara, la corte inferior dictó una orden concediendo la moción donde se pedía se declarasen como no radicados los escritos de los apelantes, alegando como fundamentos de esa resolución que "de conformidad con la decisión del Tribunal Supremo de Puerto Rico, de 18 de junio de 1910, con respecto a este litigio, los derechos de Justo Martín y María Juana Armsterdam habían sido definitivamente resueltos." Con posterioridad en ese mismo día, sin que tampoco mediara notificación o vista a la parte contraria, que son los apelantes en este caso, la corte dictó su sentencia declarando a los apelados como los herederos legales del referido Lázaro Puente y Compostizo.

Contra esta sentencia los ahora apelantes establecieron

recurso de apelación y presentaron una transcripción en este caso, en la que aparecen todos los procedimientos y diligencias habidos en la causa a partir de la primera apelación, enumerando cuatro errores que se alegan fueron cometidos por la corte inferior en el curso de los procedimientos celebrados ante ella.    Estos errores son los siguientes:

"I. El tribunal inferior sufrió error al ordenar, a moción de estos apelados, se diera como no radicado el escrito de los apelantes en que pedían la venia del tribunal para enmendar su primera petición donde solicitaban se les declarase herederos legales de dicho Lázaro Puente.

"II. El tribunal sufrió error al ordenar, a moción de los apelados, se diese por no presentado el escrito de los apelantes donde se oponían a la petición de los apelados solicitando ser declarados ellos como tales herederos.

"III. El tribunal sufrió error al resolver en definitiva acerca de los escritos presentados por los apelantes en abril 29 de 1911, sin concederles la correspondiente vista y decidir según los méritos del caso.

"IV. El tribunal sufrió error al conceder la petición de los apelados en la que solicitaban se les declarase herederos legales de Lázaro Puente sin haber notificado a los apelantes ni permitídoseles vista alguna en contrario."

Estas cuatro proposiciones serán examinadas por su orden correspondiente.

El *primer* error alegado envuelve la cuestión referente a la debida interpretación que ha de darse a la sentencia de este tribunal dictada en junio de 1910, y que ya ha sido copiada en toda su extensión.    Esta sentencia fué interpretada por la corte de distrito en el sentido de significar que los derechos de los demandantes, los Armsterdams, habían quedado definitivamente resueltos por la misma.    Tanto ahora como luego podríamos decir que la verdadera interpretación de esta sentencia ha de encontrarse, no por lo que la corte o sus miembros en particular hayan querido expresar en la fecha en que dicha sentencia fué dictada, sino en la propia significación e interpretación del lenguaje usado en esa ocasión.    Este principio es análogo a aquel en que se funda la interpretación de los estatutos, o sea, seguir la intención de

la Legislatura según la misma se expresa en el estatuto y no la intención que haya podido tener el legislador o legisladores en particular o una mayoría de ellos al decretar la ley; y esta manera de considerar la cuestión es la más razonable y equitativa para todas las partes, si tenemos en cuenta la actitud asumida por la corte inferior a la que solamente ha debido servirle de norma el lenguaje empleado en la propia sentencia sin tener en cuenta ninguna otra circunstancia que hubiera podido presentarse fuera de los autos. (*Haseltine* v. *Central Bank,* 183 U. S., 131.) Sin embargo, habiendo sido dictada la sentencia de conformidad con la opinión, podemos examinar la misma debidamente para determinar su significación, en caso de duda, con respecto a la interpretación que ha de darse al lenguaje empleado. Vemos en la opinión que este tribunal estimó que el caso de los Armsterdams debe estar comprendido en la ley de prescripciones y por tanto que la corte inferior debió haber dictado sentencia en contra de ellos.

Analizando propiamente la anterior sentencia de esta corte, resulta claro que en ella se resolvieron cuatro cuestiones:

"Primera: que aquella parte de la sentencia de la corte de distrito que declaró a los Armsterdams con derecho a ser considerados como herederos de Puente, fué revocada;

"Segunda: que la parte de la sentencia por la que se declaró que los Puente-Compostizo y Puente-Solanos no tenían derechos como herederos, fué también revocada; y

"Tercera: que la parte de la sentencia de la corte de distrito que declaraba a Rodríguez sin derecho a ser considerado como heredero del finado Puente, fué confirmada."

En la expresada sentencia del Tribunal Supremo se ordenó a la corte de distrito que "procediera a considerar y resolver dichas reclamaciones de conformidad con el procedimiento fijado en la ley de procedimientos especiales." Esta orden estaba contenida en una cláusula que se incluyó en la segunda parte de la sentencia a que ya se ha hecho referencia.

Todo esto aparecerá de un examen que se haga de la misma sentencia. Alegan los apelantes que el Tribunal Supremo ordenó a la corte de distrito al usar este lenguaje, que procediera precisamente como si la sentencia dictada por dicha corte de distrito no hubiera sido dictada; que ese fué por lo menos el objeto en cuanto afectaba a las partes en este pleito. Si es correcta esta interpretación de nuestra sentencia anterior, entonces se le exigía al juez de la corte inferior que celebrara una nueva vista del caso, ya sobre las alegaciones según el estado en que entonces aparecían, o sobre aquellas enmiendas que la corte a su discreción permitiera, sin dejar de aplicar a las alegaciones y a la prueba que pudieran presentarse en el nuevo juicio, los principios de ley enunciados por el Tribunal Supremo al resolver la apelación. Alegan los apelados que este tribunal por su sentencia de junio de 1910, eliminó del caso a los demandantes Justo Martín y María Juana Armsterdam, y declaró que éstos no tenían derecho a ser considerados como herederos del finado, o sea, que habían de ser considerados de igual modo a como quedó el demandado Rodríguez por virtud de la sentencia de la corte de distrito, que fué luego confirmada por el Tribunal Supremo; y que todo lo que la corte de distrito tenía que hacer era proceder con las reclamaciones de los demandados, que son los apelados en esta acción, de conformidad con la ley de procedimientos legales especiales, y resolver si tenían o nó derecho a ser considerados como herederos del finado Puente y Compostizo. Los autos del caso anterior mostraban que no se permitió la presentación de ninguna prueba a los Armsterdam en el primer juicio celebrado en la corte de distrito, exceptuando la presentación de una sola prueba que fué la sentencia de reconocimiento dictada anteriormente por la propia corte y considerada errónea posteriormente por el Tribunal Supremo. Gramaticalmente considerada la orden especial para el nuevo juicio tenía aplicación solamente a aquellas partes especificadas en el segundo párrafo de la sentencia y no podía referirse a los otros párrafos o a las partes en ellos mencionadas. Por

tanto, en lo que respecta a los apelantes, la cuestión se presenta lo mismo que si no se hubieran dado ningunas órdenes con respecto a la forma en que se les seguirá considerando en relación con el caso.

Apenas había motivos para suponer que este tribunal en su sentencia revocatoria tuvo la intención de privar completamente a los apelantes de tener por lo menos una oportunidad de presentar su caso y la prueba que tenían en apoyo del mismo al tribunal inferior. Tal procedimiento resulta ser adecuado y necesario para la protección de sus derechos. Evidentemente que tenían derecho a comparecer ante la corte, pues de otro modo podría alegarse que se les había negado el derecho a ser oídos y privados de su propiedad, o cualquier derecho que tuvieran, sin el debido procedimiento de ley.

Al revocar el Tribunal Supremo en junio de 1910, la sentencia del inferior, pudo haber dictado una sentencia determinando los derechos de las partes si hubiera estimado que en los autos aparecía suficiente prueba que justificara tal resolución; pero no dictó tal sentencia, y solamente revocó la sentencia con respecto a los apelantes y apelados en este pleito y la confirmó en cuanto al demandado Rodríguez, remitiendo dicha sentencia a la corte de distrito para que siguiera con el procedimiento. Esta no fué la resolución final del caso, ni fué esa la intención a nuestro juicio. Pero evidentemente la intención fué que el demandado Rodríguez fuera eliminado del caso, lo que ya se había hecho por la sentencia de la corte inferior que fué confirmada por este tribunal. Era también claro que el objeto de la sentencia de esta corte de junio 1910, fué que la corte de distrito resolviera sobre los derechos de las partes Puente y Compostizo y Puente y Solano, en cuanto a sus pretensiones de que se les considerara como herederos del finado Lázaro Puente. En nuestra sentencia nada se ordena a la corte de distrito con respecto a la forma específica de resolver las pretensiones de las partes Armsterdam. La resolución final que debe dictarse en el caso con referencia a las partes expresadas en los párrafos 1°. y

2°. de la sentencia de junio 1910, fué una cuestión que quedó a la discreción de la corte inferior, guiada por las considera- ciones presentadas y las conclusiones a que llegó este tribunal, y habiendo sido remitido el caso a la corte inferior para resolverlo en definitiva, esto necesariamente envolvía un nuevo juicio incluyendo la celebración de una vista a la que asistieran ambas partes. La sentencia dictada por este tribunal no resolvía en definitiva la controversia habida entre las partes, sino que imponía esa obligación a la corte de distrito, la que tenía que cumplir con dicha obligación de acuerdo con la ley.

*McComb* v. *County Com'rs,* 97 U. S., 1; *Haseltine* v. *Central National Bank,* 183 U. S., 130; *Martínez* v. *Int. Banking Corp.,* 220 U. S., 223.

Con respecto al *segundo* error alegado, debemos expresar que la corte de distrito evidentemente cometió error en eliminar la oposición formulada por los apelantes a la solicitud de los apelados de que se les declarase herederos de Lázaro Puente. Esta acción que asumió la corte estaba en oposición con la orden expresa contenida en la sentencia de este tribunal, dictada en junio de 1910. No obstante el criterio que tienen los apelados acerca de la interpretación que debió darse a la sentencia de este tribunal, se ordenó a la corte de distrito que "procediera a considerar y resolver sus reclamaciones de conformidad con el procedimiento fijado en la ley de procedimientos legales especiales y de acuerdo con la ley y los hechos." No había medio de resolver acerca de los hechos del caso sin oirse las pruebas, y ese conocimiento de las pruebas envuelve necesariamente la consideración de la oposición formulada por los apelantes en este caso. El artículo 20 de la ley de procedimientos legales especiales claramente da a las personas que tienen derechos opuestos a la parte cuyas pretensiones están para considerarse, el derecho de presentar sus oposiciones a las mismas. Desde luego que para que sus alegaciones surtan efecto deben estar sostenidas por alguna prueba. Este artículo dispone claramente que se celebre una vista entre las diferentes partes que tienen reclamaciones

contradictorias sin hacer referencia a un procedimiento *ex parte*. según ha considerado la corte inferior, al parecer, al resolver en definitiva esta cuestión. Desde luego que nada se dice de cual hubiera sido el verdadero resultado de esa vista, pero tal vista debió haberse celebrado y los apelantes no hubieran sido privados de tener la oportunidad de ser oídos, por virtud de la orden *ex parte* por la que se eliminaba la oposición de los mismos de las diligencias archivadas en el tribunal. La resolución adoptada por la corte inferior nos parece claramente errónea.

*Tercero;* pero la corte inferior resolvió sobre las alegaciones presentadas por estos apelantes en abril último, sin oirlos o sin considerar los méritos de las mismas. El caso referente al cual se dictó la primera sentencia, era un procedimiento contencioso en que tanto los peticionarios como los contrapeticionarios, o sea todos los reclamantes que comparecieron ante la corte fueron oídos. En los autos no existe ninguna orden eliminando a ninguna parte del caso, a no ser que fuera Rodríguez, y hasta que tal orden no fuera dictada eliminando a estos apelantes, éstos ciertamente eran partes en el pleito y como tal debieron ser considerados; de modo que una orden dictada por la corte de distrito después que el caso le fué de nuevo devuelto, eliminando las alegaciones de cada una de las partes de los autos sin notificación alguna por no ser ya más partes en el pleito, ha debido ser errónea. Antes de que cualesquiera de las partes, apelantes o apelados en este caso hubieran sido excluídas de los autos, tenían derecho a ser notificadas de la moción que con tal objeto se presentara a la corte, y a ser oídos en oposición a dicha moción con anterioridad a que se dictase ninguna orden a ese efecto. Si hubiera sido la intención de este tribunal que su sentencia tuviera tal efecto, evidentemente que así se hubiera expresado claramente en la misma, lo que no se hizo, como puede verse de una lectura que se haga de la sentencia dictada en junio de 1910.

*Cuarto;* resulta que la corte inferior declaró a los apelados en este pleito como herederos legítimos de Lázaro Puente, sin notificación alguna a los apelantes y sin permitírseles ser oídos en oposición de tal declaración que habían comparecido ante la corte con sus alegaciones, solicitando ser oídos, formular una oposición y presentar prueba en apoyo de sus alegaciones.    Según hemos dicho, este no es un procedimiento *ex parte* y no puede serlo según el artículo 20 de la ley de procedimientos legales especiales; por tanto, la corte inferior cometió error al considerarlo así y al conceder la solicitud de los apelados, después de no permitir a los apelantes en este caso presentar sus alegaciones rechazando éstas y la prueba en que se fundaban, cualesquiera que hayan sido esas alegaciones, sin considerarlas en absoluto.    Y este procedimiento no podía cambiarse de uno contencioso a otro *ex parte,* o vice versa, a gusto de los abogados o aun del juez, sin que por lo menos se dictara una resolución en tal sentido, que debió hacerse únicamente después de oirse en debida forma a todas las partes interesadas.

Considerando así el presente caso según el mismo ha sido presentado en esta apelación, somos de opinión que la sentencia definitiva contra la cual se ha interpuesto este recurso de apelación, dictada por la Corte de Distrito de Ponce en 13 mayo de 1911, debe revocarse devolviéndose el caso a dicha corte sentenciadora con instrucciones de que proceda a anular todas las órdenes dictadas en este caso desde la fecha en que éste fué devuelto a dicha corte, y a oir y resolver todas las pretensiones de los apelantes y apelados, después de permitir que se hagan las enmiendas que cualesquiera de dichas partes deseen hacer a sus alegaciones; y después de considerar toda la prueba pertinente al caso que se le presente en apoyo de sus respectivas pretensiones, proceda a dictar sentencia definitiva que en todos sus particulares esté de conformidad con la ley según ha sido expuesta por este tribunal en la primera apelación y en la presente opinión.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.