## SCHLOSSER v. HEMPHILL.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 175. Argued March 13, 14, 1905.—Decided May 8, 1905.

Where the judgment of the highest court of a State, in reversing a judgment against defendant, does not direct the court below to dismiss the petition but remands the cause for further proceedings, in harmony with the opinion, it is not a final judgment in such a sense as to sustain a writ of error from this court.

THE case is thus stated by the Supreme Court of Iowa, to which it had been carried by appeal from the District Court of Palo Alto county:

"This is an action in equity to quiet title to a tract of some two hundred and ninety acres of land in the south half of section 30, township 97, range 34, in Palo Alto county. Plaintiff is the admitted owner of lots two and three, forming a part of said tract, and containing about 99 acres. According to the

original Government survey, made in 1857, this land was adjacent to a lake, which was meandered, and the meander lines were run along the north side of the said two lots. The remainder of the land claimed lies between this meander line and the alleged shore of the lake, and is the subject of the controversy. The half section in question—that is, such part of it as lies beyond the original meander line—was resurveyed by the Government in the year 1898, and platted into five lots, of which lots 11, 14, and 16 are claimed by defendant Hemphill, and lots 12 and 13 by defendant Ryan. These claims are founded upon conveyances from Palo Alto county, under a patent issued to the State, under the swamp land grant of 1850, and which is based upon the resurvey of 1898. Schlosser insists that the meander line is not his boundary, it not marking the edge of the lake, but that he is entitled to claim up to the east and west half section line of said section. There was a decree for plaintiff, and defendants appeal." 118 Iowa, 452.

The Supreme Court ruled that "where a body of water is meandered, such lines are not boundary lines, and the adjacent owner will usually take title to the actual shore, but where there is no adjacent body of water proper to be meandered, such line becomes a boundary, and a purchaser from the Government cannot claim title beyond it;" and held upon the facts that there was no body of water in section thirty necessary to be meandered, and that plaintiff could not claim title beyond the meandered line. The court said in concluding: "In our opinion, the plaintiff has no right to any other than the land patented to his grantor, and the decree of the trial court must therefore be reversed." And entered judgment as follows:

"In this cause, the court being fully advised in the premises, file their written opinion reversing the judgment of the District Court.

"It is therefore considered by the court that the judgment of the court below be and it is hereby reversed and set aside, and the cause is remanded for further proceedings in harmony

with the opinion of this court, and that a writ of *procedendo* issue accordingly.

"It is further considered by the court that the appellee pay the costs of this appeal, taxed at $227.70, and that execution issue therefor."

This writ of error was thereupon brought.

*Mr. Charles A. Clark* and *Mr. George E. Clarke* for plaintiff in error.

*Mr. E. B. Evans*, with whom *Mr. H. C. Evans* was on the brief, for defendants in error.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

By its judgment the Supreme Court of Iowa reversed the decree of the trial court and remanded the cause "for further proceedings in harmony with the opinion of this court."

We have heretofore held that a judgment couched in such terms is not final in such a sense as to sustain a writ of error from this court. *Haseltine* v. *Bank*, 183 U. S. 130. It was there ruled that the face of the judgment is the test of its finality, and that this court cannot be called on to inquire whether, when a cause is sent back, the defeated party might or might not make a better case.

It is true that in Iowa the Supreme Court hears equity cases on appeal *de novo*, and the successful party is entitled to a decree in that court, if he moves for it, *First National Bank* v. *Baker*, 60 Iowa, 132; but in the present case no such decree was applied for or rendered. Nor did the Supreme Court direct the court below to dismiss plaintiff's petition, or in terms direct the specific decree to be entered.

And it has been repeatedly held by that court that when a case triable *de novo* is remanded for judgment in the court below, the parties may be permitted to introduce material evi-

dence discovered since the original trial, and may amend the
pleadings for the purpose of setting up matters materially
affecting the merits, subsequently occurring. *Sanxey* v. *Iowa
City Glass Company*, 68 Iowa, 542; *Adams County* v. *Railroad
Company*, 44 Iowa, 335; *Shorthill* v. *Ferguson*, 47 Iowa, 284;
*Jones* v. *Clark*, 31 Iowa, 497. In the latter case, the court
below, the District Court, refused to permit amendments,
holding, "as a matter of law, that when a chancery case has
been appealed to the Supreme Court, and has been there heard
upon its merits, and is remanded to the District Court, with
instructions as set forth in the *procedendo* in this cause, the
District Court has no power to grant leave to amend." But
the Supreme Court reversed the District Court, and held that
that court might, "at any time, in furtherance of justice, and
on such terms as may be proper, permit a party to amend any
pleadings or proceedings. Rev. § 2977."

Doubtless the conclusions arrived at by the state Supreme
Court, and expressed in its opinion, furnish the grounds on
which the court below must proceed, when the case goes to a
decree there, if no change in pleadings or proof takes place,
but we cannot say what action might nevertheless be taken,
and as no decree was entered in the Supreme Court, and no
specific instruction was given to the court below, we think the
writ of error cannot be maintained. Assuming, without de-
ciding, that a Federal question was so raised as otherwise to
have justified the exercise of our jurisdiction, we can but repeat
what we said in *Haseltine's case:* "The plaintiffs in the case
under consideration could have secured an immediate review
by this court, if the court as a part of its judgment of reversal
had ordered the Circuit Court to dismiss their petition, when,
under *Mower* v. *Fletcher*, they might have sued out a writ of
error at once."

*Writ of error dismissed.*