# LOUISIANA NAVIGATION COMPANY, LIMITED, *v.* OYSTER COMMISSION OF LOUISIANA.

### ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 40.   Argued November 6, 1912.—Decided December 2, 1912.

This court cannot be called upon to review the action of the state court by piecemeal, and even if the judgment does finally dispose of some elements of the controversy, unless it is final on its face as to the entire controversy this court will not review it.

On the question of finality the form of the judgment is controlling, and that form cannot be disregarded in order to ascertain whether the judgment is a final one according to state law.

This court has the power and duty when reviewing the final judgment of a state court to pass on all Federal controversies in the cause irrespective of how far such questions were concluded by the state law during the litigation and before a final judgment reviewable here was rendered.

The dismissal of the writ of error for want of finality of the judgment in this case is on the presumption that the case otherwise involves Federal questions reviewable by this court.

Writ of error to review, 125 Louisiana, 740, dismissed.

THE facts, which involve the jurisdiction of this court of writs of error to state courts, and what constitutes a final judgment reviewable by this court, are stated in the opinion.

*Mr. Thomas Gilmore* and *Mr. E. N. Pugh*, with whom *Mr. J. C. Gilmore* was on the brief, for plaintiffs in error.

*Mr. Ruffin G. Pleasant*, Attorney General of the State of Louisiana, filed a brief for defendant in error, Conservation Commission of Louisiana.

*Mr. John Dymond, Jr.,* filed a brief for defendants in error, E. C. Joullian Canning Company and Dunbars, Lopez & Dukate Co.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Supreme Court of Louisiana in this case reviewed the judgment of a trial court which dismissed the petition of the plaintiff because it stated no cause of action. The plaintiff in error here was plaintiff in the trial court and appellant in the court below. The suit was based on an alleged right to recover damages for slander of the title of plaintiff to described lands. Under the law of Louisiana, for the purpose of passing upon the exception of no cause of action, the case in substance became one petitory in its character—that is, one to try title to land. Treating the action as of that nature, the court below elaborately reviewed the averments of the petition and expressed the opinion that in some respects a cause of action was stated —that is, that there was allegation of title as to some of the land, and that there was no title alleged to other of the land involved. The court concluded as follows (125 Louisiana, 741, 755):

"We think, therefore, that plaintiff should be again afforded an opportunity to amend its petition by setting forth, specifically, the particular places, or portions of its property, upon which the alleged trespass has been committed, together with the time and manner of the trespass."

The judgment was as follows:

"It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this case be remanded to the district court, to be there proceeded with in accordance with the views expressed in this opinion . . ."

Upon the theory that Federal questions were involved

within the cognizance of this court this writ of error to the judgment thus rendered was sued out. But as the judgment of the court below on its face is not a final one, it follows that a motion to dismiss must prevail. *Haseltine* v. *Bank*, 183 U. S. 130; *Schlosser* v. *Hemphill*, 198 U. S. 173; *Missouri &c. Ry. Co.* v. *Olathe*, 222 U. S. 185.

The contention, however, is that the judgment below is final for the purpose of review by this court, because when the opinion of the Supreme Court of Louisiana is carefully weighed it will be found that that court practically finally disposed adversely to the title of the plaintiff of the substantial part of the lands involved in the suit and hence that the court in remanding the cause for further proceedings did so only as to other lands. But conceding this to be true, it does not justify the claim based on it. In the first place it is settled that this court may not be called upon to review by piecemeal the action of a state court which otherwise would be within its jurisdiction, and in the second place the rule established by the authorities to which we have referred is that on the question of finality the form of the judgment is controlling, and hence that this court cannot for the purpose of determining whether its reviewing power exists be called upon to disregard the form of the judgment in order to ascertain whether a judgment which is in form not final might by applying the state law be treated as final in character. Indeed it has been pointed out that the confusion and contradiction which inevitably arose from resorting to the state law for the purpose of converting a judgment not on its face final into one final in character was the dominating reason leading to the establishment of the principle that the form of the judgment was controlling for the purpose of ascertaining its finality. *Norfolk Turnpike Co.* v. *Virginia*, 225 U. S. 264, 268.

The suggestion that the right to review by this court will be lost if it does not disregard the form of the judg-

ment and review the action of the court below concerning the title to land as to which the court below expressed opinions which as the law of the case will hereafter be binding upon it and upon other courts of the State of Louisiana, is without merit. We say this because the contention is but illustrative of the misconception which the argument involves which we have already pointed out. The rule which excludes the right to review questions arising in a cause depending in a state court until a final judgment is rendered by such court involves as a necessary correlative the power and the duty in this court when a final judgment in form is rendered and the cause is brought here for review to consider and pass upon all the Federal controversies in the cause irrespective of how far it may be that by the state law such questions were concluded during the litigation and before a final judgment susceptible of review here was rendered. *Chesapeake & Ohio Ry. Co.* v. *McCabe*, 213 U. S. 207, 214.

Of course, for the purpose of disposing of the motion to dismiss upon the ground of the want of finality of the judgment we have taken it for granted for the sake of the argument that the case otherwise involved Federal questions within our power to review.

*Dismissed for want of jurisdiction.*