## BRUCE, ADMINISTRATOR OF TOBIN ET AL., *v.* TOBIN.

PETITION FOR A WRIT OF CERTIORARI TO THE SUPREME COURT OF THE STATE OF SOUTH DAKOTA.

No. 645.   Petition for a writ of certiorari submitted October 1, 1917.— Denied October 22, 1917.

The remedy by certiorari which, in certain classes of cases, is substituted by the Act of September 6, 1916, c. 448, 39 Stat. 726, for the remedy by writ of error previously allowed by Rev. Stats., § 709, Jud. Code, § 237, is confined to final judgments, and finality, in the one case as in the other, is determined by the face of the record and the formal character of the judgment rendered by the state court.

In an action by a father to recover a share of a fund collected by his deceased son's administrator as damages under the Employers' Liability Act, the state trial court rejected the father's claim entirely. The state supreme court, upholding his right but not specifically fixing the amount to which he was entitled, directed a new trial to accomplish that result.   Assuming the judgment final in the sense that it determined the ultimate right and the general principles by which it was to be measured, *Held*, nevertheless, that it was not final in the sense of the Act of September 6, 1916, *supra*, and that an application for certiorari under that statute was premature.

Petition for a writ of certiorari to review 39 S. Dak. 64, denied.

THE case is stated in the opinion.

*Mr. E. A. Burgess, Mr. B. I. Salinger, Mr. L. H. Salinger* and *Mr. Joseph Janousek* for petitioners, in support of the petition.   Their printed argument was confined to the merits.

No brief filed for respondent.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

A railroad in whose service Tobin lost his life while actually engaged in carrying on interstate commerce, ad-

mitting liability under the Act of Congress, paid the conceded loss to his administrator. A father and mother, but no widow or children survived. The father, the respondent, sued in a state court to recover half the amount as his share of the loss. Setting aside the action of the trial court rejecting the claim, but not specifically fixing the amount of the father's recovery, the Supreme Court of South Dakota directed a new trial to accomplish that result. Application for certiorari was then made by the petitioner on the ground that such decision involved questions under the Employers' Liability Act reviewable by certiorari under the Act of Congress of September 6, 1916, c. 448, 39 Stat. 726.

The act in question, although it deprived of the right of review by writ of error which had hitherto obtained in certain cases and substituted as to such cases the right of petitioning for review by certiorari, subjected this last right to the same limitation as to the finality of the judgment of the state court sought to be reviewed which had prevailed from the beginning under § 709, Rev. Stats., § 237, Judicial Code. Finality, therefore, continues to be an essential for the purposes of the remedy by certiorari conferred by the Act of 1916.

It may be indeed said that although the case was remanded by the court below for a new trial, the action of the court was in a sense final because it determined the ultimate right of the father to recover and the general principles by which that right was to be measured. But that contention is not open as it was settled under § 709, Rev. Stats., § 237, Judicial Code, that the finality contemplated was to be determined by the face of the record and the formal character of the judgment rendered,—a principle which excluded all conception of finality for the purpose of review in a judgment like that below rendered. *Haseltine* v. *Bank,* 183 U. S. 130; *Schlosser* v. *Hemphill,* 198 U. S. 173; *Louisiana Navigation Co.* v. *Oyster Commis-*

*sion of Louisiana,* 226 U. S. 99; *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, 418, 419. The reënactment of the requirement of finality in the Act of 1916 was in the nature of things an adoption of the construction on the subject which had prevailed for so long a time.

There being then no final judgment within the contemplation of the Act of 1916, the petition for a writ of certiorari is

*Denied.*