## RUMSEY v. NEW YORK LIFE INS. CO. et al.

(Circuit Court of Appeals, Ninth Circuit.   September 7, 1920.   On Petition
for Rehearing, October. 18, 1920.)

No. 3444.

1. **Appeal and error** ⊕⟿84 (3)—**Reversal and remand for proceedings consistent with opinion is not final decree.**

   A decree of the Supreme Court of Hawaii, reciting that, pursuant to the opinion of that court, the decree appealed from was reversed, and the cause remanded, for such further action compatible to the decision as may be necessary, is not a final decree from which an appeal can be taken to the Circuit Court of Appeals, though the opinion in fact disposed of the merits of the controversy.

2. **Courts** ⊕⟿403—**Circuit Court of Appeals cannot require Hawaii Supreme Court to correct its judgment.**

   The Circuit Court of Appeals has not the power to direct the Supreme Court of Hawaii to correct a judgment reversing a decree, so as to set forth what further action would be compatible to the decision, and to direct the lower judge to take such action, so as to render the decree final in form and appealable.

On Petition for Rehearing.

3. **Appeal and error** ⊕⟿1166—**Statute requiring disregard of technical errors not applicable to jurisdictional defects.**

   Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), which requires the court on appeal to give judgment without regard to technical errors, relates only to the determination of the case pending in court on appeal, not to the preliminary steps by which it is brought into the appellate court, and it cannot affect jurisdiction of the court, or sustain appeals or writs of error in cases where the judgment, before the enactment of the amendment, was not appealable.

Appeal from Supreme Court of the Territory of Hawaii.

Suit by Emma F. Rumsey against the New York Life Insurance Company and another.   A decree for plaintiff was reversed by the Supreme Court of the Territory of Hawaii, and plaintiff appeals.   Appeal dismissed.

Lorrin A. Andrews and W. B. Pittman, both of Honolulu, T. H., and T. J. O'Donnell, of Denver, Colo., for appellant.

Frank E. Thompson, John W. Cathcart, A. Lewis, Jr., B. S. Ulrich, A. G. M. Robertson, C. H. Olson, Alfred L. Castle, W. A. Greenwell, and Arthur Withington, all of Honolulu, T. H., J. M. Mannon, Jr., of San Francisco, Cal., James H. McIntosh, of New York City, and McCutchen, Willard, Mannon & Greene, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.   The appellant brought a suit in equity in the circuit court of the territory of Hawaii to reform a policy issued by the New York Life Insurance Company on the life of her husband and to obtain a decree that the insurance company pay her the amount of the policy, and that the appellee Benson, Smith & Co., Lim-

⊕⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ited, the named beneficiary of the policy, be declared a trustee for her. The case was submitted to the circuit court on an agreed statement of facts in which were included correspondence and certain depositions, with the stipulation that other testimony might be introduced at the hearing. The circuit court rendered a decree in favor of the appellant. On appeal to the Supreme Court of the territory, the contentions of the appellant were decided adversely to her, and a decree was entered reciting that, "pursuant to the opinion" of that court, the decree appealed from was reversed, and the cause remanded to the circuit judge, "for such further action compatible to the decision as may be necessary." From that decree the present appeal is taken.

[1] The appellees move to dismiss the appeal, on the ground that the decree is not final, and is not appealable. The appellant contends that the decree is in substance final, and that it leaves nothing for the court below to do but to enter a decree "compatible to the decision"; that is, a decree dismissing the appellant's bill. A similar contention was made in Louisiana Nav. Co. v. Oyster Commission, 226 U. S. 99, 33 Sup. Ct. 78, 57 L. Ed. 138. The court there said:

"The contention, however, is that the judgment below is final for the purpose of review by this court, because, when the opinion of the Supreme Court of Louisiana is carefully weighed, it will be found that that court practically finally disposed adversely to the title of the plaintiff of the substantial part of the lands involved in the suit, and hence that the court, in remanding the cause for further proceedings, did so only as to other lands. But, conceding this to be true, it does not justify the claim based on it. * * * The rule established by the authorities to which we have referred is that on the question of finality the form of the judgment is controlling, and hence that this court cannot, for the purpose of determining whether its reviewing power exists, be called upon to disregard the form of the judgment in order to ascertain whether a judgment, which is in form not final, might by applying the state law be treated as final in character."

In Bruce v. Tobin, 245 U. S. 18, 38 Sup. Ct. 7, 62 L. Ed. 123, in reaffirming that rule, it was said:

"It may be indeed said that, although the case was remanded by the court below for a new trial, the action of the court was in a sense final, because it determined the ultimate right of the father to recover and the general principles by which that right was to be measured. But that contention is not open, as it was settled under section 709, Rev. Stats. (section 237, Judicial Code), that the finality contemplated was to be determined by the face of the record and the formal character of the judgment rendered."

There are other decisions of the Supreme Court to the same effect, cases in which the court has recognized a distinction between a judgment which reverses that of the court below and remands the case for further proceeding and a judgment which reverses and remands, directing the entry of a specified judgment, as in Mower v. Fletcher, 114 U. S. 127, 5 Sup. Ct. 799, 29 L. Ed. 117. Said the court in that case:

"The litigation is ended, and the rights of the parties on the merits have been fully determined. Nothing remains to be done but to require the inferior court to perform the ministerial act of entering the judgments in that court which have been ordered. This is but carrying the judgment of the Supreme Court, which has been rendered into execution. Nothing is left to the judicial discretion of the court below."

Compelled as we are by the force of these decisions to look to the form of the decree herein for the purpose of determining the question of its finality, we find that it is a decree which reverses the judgment of the circuit court and remands the cause for further proceedings in harmony with the Supreme Court's opinion. It follows that it is not final. Haseltine v. Cent. Bk. of Springfield, 183 U. S. 130, 22 Sup. Ct. 49, 46 L. Ed. 117; Schlosser v. Hemphill, 198 U. S. 173, 25 Sup. Ct. 654, 49 L. Ed. 1000.

[2] The appellant files a petition praying that this court issue a writ, directed to the court below, requiring it to correct its judgment by setting forth what further action is compatible with the decision, and directing the circuit judge to take such action. But to do this is to exercise a power not vested in this court.

The appeal is dismissed.

## On Petition for Rehearing.

[3] In a petition for rehearing the appellant earnestly contends that this court was bound to entertain jurisdiction of the appeal by virtue of the provisions of the Act of February 26, 1919 (40 Stat. 1181), amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246) to read as follows:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the record before the court, without regard to technical errors, defects or exceptions which do not affect the substantial rights of the parties."

The contention ignores the language and purpose of the amendment. The amendment relates only to the hearing and determination of a case which is pending in a court. It has no reference to the preliminary steps by which a case is brought into an appellate court, nor does it affect the question of the jurisdiction of a court, or enlarge the power of an appellate court to entertain appeals or writs of error. It does not make appealable a judgment which, before the enactment of the amendment, was not appealable. It deals only with the examination of a record which is lawfully before a court. We realize the hardship of the rule which requires the dismissal of this appeal, but we hold that this court is bound by the decisions of the Supreme Court which are cited in the opinion.

The petition for rehearing is denied.