**WAIALUA AGR. CO., Limited, v. CHRISTIAN.**

**No. 6585.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 18, 1931.

Herman Phleger, of San Francisco, Cal., and A. L. Castle, of Honolulu, Hawaii, for appellant.

Barry S. Ulrich and Chas. M. Hite, both of Honolulu, Hawaii, for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This is a motion to dismiss an appeal from a decision of the Supreme Court of the Territory of Hawaii (31 Haw. 817) entered May 21, 1931, vacating the decree of the trial court and remanding the cause to the trial court with instructions to permit the amendment of the pleadings and receive additional evidence. The appellee claims that the judgment of the Supreme Court is not a final decree within the meaning of the statute giving appellate jurisdiction to this court. 28 US CA § 225. It is evident that the decision of the Supreme Court is not final in the ordinary acceptation of the term because it expressly directs further proceedings and vacates the decree of the trial court. Appellant, however, claims that the decision is final for the reason that it was decisive of the only issue involved in the case, namely, as to whether or not a certain deed should be vacated because of the mental incapacity of the grantor. The Supreme Court, while it vacated the decree of the trial court, directed it, at the conclusion of the hearing upon the amended bill, to enter a decree setting aside the deed on the ground of the incapacity of the grantor.

The claim is that the Supreme Court, while formally directing the vacating of the decree of the Circuit Court, actually affirmed its decision upon the issues in the case and that the direction of the Supreme Court for the amendment of the pleadings and the introduction of additional evidence upon the new issues in effect directed the institution and trial of a new action, and that, therefore, as to the action actually instituted and tried by the Circuit Court, the decision of the Supreme Court was final. There is no necessity for any refinement of reasoning in determining whether or not the decision of the Supreme Court was final. It did not purport on its face to be final and is not in its nature final. It contemplated further proceedings in the lower court, and of course a right of appeal from such orders might be made upon the new hearing. The amount involved upon the new hearing under the issues directed to be made by the Supreme Court is over half a million dollars. See Rumsey v. N. Y. Life Ins. Co. (C. C. A.) 267 F. 554; Gay v. Focke (C. C. A.) 291 F. 721; Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616; Louisiana Nav. Co. v. Oyster Commission, 226 U. S. 99, 33 S. Ct. 78, 57 L. Ed. 138; McGourkey v. Toledo & Ohio C. R. Co., 146 U. S. 536, 13 S. Ct. 170, 36 L. Ed. 1079; Beebe v. Russell, 19 How. (60 U. S.) 283, 15 L. Ed. 668; Martinez v. International Banking Corp., 220 U. S. 214, 31 S. Ct. 408, 55 L. Ed. 438; Cory Bros. & Co. v. U. S. (C. C. A.) 47 F.(2d) 607.

**Appeal dismissed.**