### THE HABANA.
### THE CRISTOBAL COLON.
#### Nos. 243, 252.

Circuit Court of Appeals, Second Circuit.
March 6, 1933.

George Z. Medalie, U. S. Atty., and George B. Schoonmaker, Asst. U. S. Atty., both of New York City, of counsel), for the United States.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

These cases are ruled by Taylor v. United States, 207 U. S. 120, 28 S. Ct. 53, 52 L. Ed. 130, and Dollar S. S. Line v. Elting, 51 F.(2d) 1035 (C. C. A. 2). The section, as it was before the Supreme Court in the first case, was, in substance, the same, and it was there held that "bringing to" the United States meant bringing aliens there with intent to leave them. That section, 18 of the Act of

1903 (32 Stat. 1217), has since been re-enacted twice, in 1917 and 1924. The language was changed, but the phrase, "bringing to," was retained; the change was in the addition of the clause, "or providing a means for an alien to come to," and was made necessary because entry by "bridges and toll roads" was also included. Probably the whole clause is to be read distributively; but, if not, and if the clause, "providing a means for an alien to come to," also includes vessels, there is still no reason to assume that it enlarges the class of persons included. Rather the situation falls within those decisions which hold that, when a statute has been re-enacted, it incorporates existing interpretations. United States v. Cereccdo Hermanos y Compania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821; Bruce v. Tobin, 245 U. S. 18, 38 S. Ct. 7, 62 L. Ed. 123; Louisville Cement Co. v. Int. Com. Com., 246 U. S. 638, 644, 38 S. Ct. 408, 62 L. Ed. 914; Heald v. District of Columbia, 254 U. S. 20, 23, 41 S. Ct. 42, 65 L. Ed. 106.

The Nanking, 290 F. 769 (C. C. A. 9), is not to be taken as a decision to the contrary. It is true that the facts were the same, but the point was not taken, and the decision cannot be considered a ruling. While the result is that a shipowner touching in the United States is not responsible even for a negligent failure to restrain passengers who escape, this is involved in the authoritative interpretation. There is no a priori ground for a distinction between passengers and sailors; indeed, there is more reason for allowing passengers to go ashore. They are normally less subject to restraints.

Decrees affirmed.