## THE MANUEL ARNUS.

## UNITED STATES v. COMPANIA TRANS-ATLANTICA.

District Court, S. D. New York.
April 16, 1934.

Martin Conboy, U. S. Atty., of New York City (Mary R. Towle, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for claimant.

WOOLSEY, District Judge.

I grant the claimant's motion, made on libelant's opening, to dismiss this libel.

I. I have already had occasion, in the case of The Alfonso XIII (D. C.) 53 F.(2d) 124, to consider, with a great deal of care, the various sections of the statutes here involved. Inasmuch as the procedural question therein referred to, 53 F.(2d) at pages 125 and 126, has been waived by the claimant, I am assuming, without investigating the question in any way, that the procedure in rem against the steamship would be supposedly supportable here, as I found it was in the case of The Alfonso XIII just mentioned.

II. It seems to me that the pivotal point of this case is the question whether a stowaway, as the alien in the present case admittedly was, should fall within the same juridical category with members of the crew and through passengers whose status has been covered by the decisions already rendered in this court and in the Circuit Court of Appeals.

It seems to me that a stowaway should fall within that category, because from the very name given to him, it is implicit that he was on board without the knowledge or permission of the owner of the ship and, consequently, the ship could not be guilty intentionally of bringing the alien to this country. Therefore this question seems to me to be at least foreshadowed in the case of the Cunard Steamship Company, Ltd., v. Stranshan (C. C.) 134 F. 318; and I understand that it has already been decided by Judge Coleman in the case of United States of America v. The Steamship Capetown Maru, Ad. 89–91 (not reported[1]).

III. The vessel in the present case, the Manuel Arnus, was not touching at New York en route to Cuban ports but came to New York from Spain and returned from here to Spain when she cleared again.

I do not think that this makes any difference. It seems to me that the cases which have been cited, which I had the opportunity of reading again this morning, sustain the position I have here taken. They are Taylor v. United States, 207 U. S. 120, 28 S. Ct. 53, 52 L. Ed. 130; Dollar Steamship Line v. Elting, Collector (C. C. A.) 51 F.(2d) 1035; The Alfonso XIII (D. C.) 53 F.(2d) 124, already mentioned; and the case of The Habana (The Cristobal Colon), 63 F.(2d) 812 (C. C. A. 2).

It seems to me that this is a clear case for the shipowner.

A decree may be submitted dismissing the libel, but, as the libelant is the United States, without costs.