COSME v. MARQUEZ.

No. 3283.

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

John A. O'Melia, of New York City (O'Melia & Garcia, of New York City, of counsel, and Abelardo Casanova Prats, of San Juan, Puerto Rico, on the brief), for appellant.

L. E. Dubon and Dubon & Ocheteco, all of San Juan, Puerto Rico, for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico of May 26, 1937, affirming in part a judgment of the District Court of San Juan of October 11, 1934, but reversing it so far as it denied "the claim of the plaintiffs for the amount of the rents received by the defendants and for those that the plaintiffs might have received" and remanding the case "to the court below in order that the same may be reopened for the production of evidence with regard to the claim on said rents, demanding from the defendants to render an account of the rents really received by them

from the date of the filing of the complaint and during all the time that they have possessed [the real estate in question] and giving an opportunity to the plaintiffs to present the evidence which may be pertinent to prove the value of the fruits that might have been received and were not received owing to the blame, abandonment or negligence of the defendants."

The question arises, which this court cannot overlook, whether the judgment in question is a final one from which an appeal lies to this court.

In the Judicial Code § 128(a) (4), title 28, § 225 (a) (4), U.S.C., 28 U.S.C.A. § 225 (a) (4), it is provided:

"§ 225 (a) . Review of final decisions. The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions— * * *

"Fourth. In the Supreme Courts * * of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings."

Unless the judgment in question was a final one within the meaning of the above section, we are without jurisdiction to pass upon the merits of this case. This question, therefore, must be first determined.

In the Compilation of the Revised Statutes and Codes of Puerto Rico (1913) it is provided:

"(5350) Sec. 306. (As amended by act of March 8, 1906, page 164). When the judgment, order or decree of the court below shall be reversed, the court shall proceed to render such judgment, order or decree as the court below should have rendered, except when it is necessary that some matters of facts be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below."

This statute is no doubt the authority under which the Supreme Court acted in entering the judgment for the review of which this appeal was taken. It requires the court, upon reversal of a judgment of the lower court, to render such judgment as the lower court should have rendered, except in cases where it is necessary that some matters of fact be ascertained, or

the damage to be assessed or the matter to be decreed is uncertain, when it is required to remand the case for a new trial.

■ The judgment in question shows on its face that it was not a final one and that the Supreme Court did not undertake to enter a final judgment or direct the court below to enter such a judgment; but, having reversed in part the judgment of the lower court, it remanded the case to that court for such further proceedings as to the question of rents as might be necessary before a final judgment could be entered. It not only was not final in form but was not so in substance, for the judgment of the Supreme Court left matters undecided which of necessity had first to be determined before final judgment could be entered. As was said in Caballero v. Succession of Criado, 1 Cir., 250 F. 345, at page 347:

"The question whether a judgment in this form is final, in the sense that will sustain a writ of error or an appeal, has been many times passed upon by the Supreme Court in cases involving the construction of statutes differing in no material respect from the one here under consideration, and it has been held that judgments couched in like terms were on their face not final, and that the court in such case was not called upon to ascertain whether it was final in substance."

Citing Schlosser v. Hemphill, 198 U.S. 173, 25 S.Ct. 654, 49 L.Ed. 1000; Louisiana Navigation Company v. Oyster Commission, 226 U.S. 99, 33 S.Ct. 78, 57 L.Ed. 138; Bruce v. Tobin, 245 U.S. 18, 38 S.Ct. 7, 62 L.Ed. 123. See, also, Groblewski v. John Chmiell Co., 1 Cir., 264 F. 325; People of Puerto Rico v. United Theatres, Inc. et al., 1 Cir., 79 F.2d 671, 672; Dooley v. Fritz, 1 Cir., 45 F.2d 317; United Porto Rican Sugar Co. v. Saldana, 1 Cir., 74 F.2d 409.

■ In Collins v. Miller, 252 U.S. 364, at page 370, 40 S.Ct. 347, 349, 64 L.Ed. 616, the Supreme Court said:

"A case may not be brought here by appeal or writ of error in fragments. To be appealable, the judgment must be, not only final, but complete. United States v. Girault, 11 How. 22, 32, 13 L.Ed. 587; Holcombe v. McKusick, 20 How. 552, 554, 15 L.Ed. 1020; Bostwick v. Brinkerhoff, 106 U.S. 3, 4, 1 S.Ct. 15, 27 L.Ed. 73; Grant v. Phoenix Ins. Co., 106 U.S. 429, 431, 1 S.Ct. 414, 27 L.Ed. 237; Dainese v. Kendall, 119 U.S. 53, 7 S.Ct. 65, 30 L.Ed. 305; Covington v. Covington First National Bank, 185 U.S. 270, 277, 22 S.Ct. 645, 46 L.Ed. 906; Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821; Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 346, 33 S.Ct. 515, 57 L.Ed. 864. And the rule requires that the judgment to be appealable should be final not only as to all parties, but as to the whole subject-matter and as to all the causes of action involved. Louisiana Navigation Co. v. Oyster Commission, 226 U.S. 99, 101, 33 S.Ct. 78, 57 L.Ed. 138; Sheppy v. Stevens, 200 F. 946, 119 C.C.A. 330."

The judgment in this case is not a final one and the appeal must be dismissed.

■ We are further of the opinion that the appeal record is entirely inadequate for a proper consideration of the case, due to apparent lack of care in its preparation. We recognize that the pleadings and records in the courts of the Island are in the Spanish language and have to be transcribed and put into English in the preparation of a record for appeal. But in doing so we think that a reasonable degree of care and efficiency, at least, should be employed in transcribing the record for appeal. The pleadings in this case, comprising the complaint, the answer, counterclaim, and reply, as transcribed, are so inadequately and poorly stated that one cannot believe that, as to them, it was the work of the official interpreter and translator of the Supreme Court. In fact, the record contains a stipulation wherein the attorneys for the parties agree "that the foregoing papers and proceedings had in the above-entitled case are true, complete and faithful copies of their respective originals, as the same appear on file and of record in the clerk's office of the Supreme Court of Puerto Rico"; and that they "constitute the transcript of the record in this case for the purposes of the appeal taken by the plaintiffs-appellants, *it being unnecessary that the translation be certified by the official interpreter and translator of the Supreme Court of Puerto Rico.*" (Italics supplied.)

■ If anything is desirable, it is that the pleadings and other proceedings in a case be correctly stated and in language that may be readily understood. This certainly cannot be said of the pleadings as presented in this case.

Then, again, in making up the record on appeal to this court, the findings, and the opinions of the District Courts of the Island, containing the rulings upon which their judgments are based, should be made a part of the appeal record. That record should also show whether the Supreme Court affirmed the findings of the District Court or modified them and what the modifications consisted of, and also the opinion of that court showing wherein it agreed or disagreed with the rulings of the District Court.

In this case the appeal record does not contain the findings and rulings of the District Court of San Juan, although it shows that findings of fact and rulings of law were there made; neither does it show wherein the Supreme Court approved or disapproved or modified and made changes, if any, in the findings of the District Court; nor does it contain an opinion of the Supreme Court directed to the specific issues of fact and law embodied in the case. It does contain an opinion of the Supreme Court in another case brought by the same plaintiffs against a different defendant, and, while in the latter case some of the questions of fact and rulings of law are the same as those presented in this case, there are other questions of fact and law in this case upon which the court's decision may have turned that were not presented or considered in the other case.

The insufficiency of the record would, in itself, be adequate ground for refusing to entertain the appeal and to decide the case on its merits; but the judgment is not a final and appealable one, and we rest our dismissal upon that ground.

The case is dismissed for want of jurisdiction.