**G. E. M. SUNDRIES COMPANY, Inc., a Nevada Corporation, Appellant,**

v.

**JOHNSON & JOHNSON, INC., a New Jersey corporation, Appellee.**

No. 16396.

United States Court of Appeals
Ninth Circuit.

July 31, 1959.

Heen, Kai & Dodge, R. G. Dodge, Honolulu, Hawaii, Marvin G. Burns, Beverly Hills, Cal., for appellant.

Robertson, Castle & Anthony, Frank D. Padgett, Honolulu, Hawaii, for appellee.

Before POPE, HEALY and FEE, Circuit Judges.

POPE, Circuit Judge.

Appellee brought this action in the Circuit Court of the First Circuit, Territory of Hawaii, to enjoin the appellant from selling products produced by appellee and bearing the registered trade name of Johnson & Johnson at less than appellee's specified minimum fair trade price as authorized by the Hawaii Fair Trade Act (Revised Laws of Hawaii, 1955, c. 205).[1] All the facts alleged in the complaint were stipulated or found by the court to be true.

The only defense interposed by the appellant was its contention that the Hawaiian Fair Trade Act was invalid.[1a] Sustaining this defense of invalidity the trial court allowed a motion to dismiss and dismissed the complaint.

Upon appeal to the Supreme Court of Hawaii that court reversed the judgment of the Circuit Court, rejecting *in toto* all of the appellant's contentions, and holding the Fair Trade Act in question fully valid, saying in its opinion that "the Territory has just as much right and power to enact a Fair Trade Act as Illinois or New York or any of the other States whose Fair Trade Acts have been sustained by the Supreme Court of the United States."[2] Appellant has appealed to

[1]. The Act contains the following provisions: *"Unfair competition may be actionable.* Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of this chapter, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby." R.L. 1955, § 205-25.

[1a]. The contentions made in this respect were summarized by the Supreme Court of Hawaii as follows: "(2) the Hawaii Fair Trade Act was illegal at the time of its enactment for the reason that it was in violation of Sections 1 and 3 of the Sherman Act [15 U.S.C.A. §§ 1, 3]; (3) assuming the power of the legislature of the Territory of Hawaii to enact such a fair-trade act, following the amendment to § 1 of the Sherman Act by the Miller-Tydings Act no such reenactment has been accomplished; (4) the Hawaii Fair Trade Act, and more particularly the so-called 'nonsigner' provision thereof, is unconstitutional for the reason that the same is a price-fixing statute and the legislature is without power to fix prices at which commodities may be sold unless the business or property involved is affected with a public interest; (5) assuming the power of the legislature to fix prices and its authority to delegate that power, any such delegation to be valid must provide a primary standard or general rule to be followed in discharging the delegated power, and the Hawaii Fair Trade Act provides no such standard or rule; (6) the Hawaii Fair Trade Act is unconstitutional because it interferes with the right of the seller and the purchaser to freely contract and agree upon a price of their choice, and that this right to contract is a property right protected by the Fifth and Fourteenth Amendments to the Constitution of the United States; (7) the Hawaii Fair Trade Act is void as an invalid exercise of a police power, being an attempt to use that power for a private and not a public purpose; (8) the Hawaii Fair Trade Act is invalid and inoperative in so far as it purports to authorize the enforcement of minimum fair-trade resale prices against any person who is not a party to the contract by which the minimum resale prices were established."

[2]. Also from the opinion: "We deem it unnecessary to review at length the

this court from that Supreme Court reversal.

Any jurisdiction of this court is necessarily based upon § 1293 of Title 28 U.S.C. which provides: "§ 1293. Final decisions of Puerto Rico and Hawaii Supreme Courts—The courts of appeals for the First and Ninth Circuits shall have jurisdiction of appeals from all final decisions of the supreme courts of Puerto Rico and Hawaii, respectively in all cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs."

▆ Appellee has moved to dismiss the appeal on the ground that the judgment of the Supreme Court of Hawaii was not final. Says appellee: "Appellant had not even filed an answer and no trial of the case had been held. Thus, the order of the Supreme Court of Hawaii was neither in form nor in fact a final disposition of the case. Accordingly, the order appealed from does not fall within the scope of 28 U.S.C. § 1293 and the appeal must be dismissed. (Cases cited.) This rule is applicable whether the order of reversal expressly commands further proceedings or whether the necessity for further proceedings merely appears from the record in the case."

It is true that the judgment of the Hawaii Supreme Court did not, on its face, end the litigation. Local procedure would permit appellant, on remand, to file an answer and interpose some other defense. But appellant has no other defense to interpose. It expressly so concedes here, and appellee does not assert otherwise. Under these circumstances this court has held that the test of whether such a decision is final is whether by it the rights of the parties have been so determined that nothing remains for the trial court but to perform mechanical acts. The question is, whether any further proceedings could be had "pertain-

ing to the merits of the controversy", Hawaiian Pineapple Co. v. Saito, 9 Cir., 270 F. 749, 750, or whether there remained any occasion for "exercise of any judicial function", De Fries v. Scott, 9 Cir., 268 F. 952, 953.

The test of finality to be applied here is the same as that employed by the Supreme Court of the United States in determining when judgments of state supreme courts are final and hence reviewable there. In Pope v. Atlantic Coast Line R. Co., 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed. 1094, that court dealt with a situation similar to the one before us. Said the court (345 U.S. at page 382, 73 S.Ct. at page 751): "The finality problem arises in this case because the judgment of the Georgia Supreme Court did not, on its face, end the litigation. Both parties agree that Georgia procedure would permit petitioner to return to the Superior Court of Ben Hill County and interpose some other defense to respondent's suit for an injunction. But petitioner has no other defense to interpose. He has been both explicit and free with his concession that his case rests upon his federal claim and nothing more. If the court below decided that claim correctly, then nothing remains to be done but the mechanical entry of judgment by the trial court. Thus, as the case comes to us, the federal question is the controlling question; 'there is nothing more to be decided.' Under these particular circumstances, we have jurisdiction over the cause. Richfield Oil Corp. v. State Board of Equalization, 1946, 329 U.S. 69, 67 S.Ct. 156, 91 L.Ed. 80 * * *."

Here, as in the case of Clark v. Williard, 292 U.S. 112, 118, 54 S.Ct. 615, 618, 78 L.Ed. 1160, there is "nothing more to be decided." The judgment was "an effective determination of the litigation" and "the final word of a final court." Market Street R. Co. v. Railroad Comm., 324 U.S. 548, 551, 65 S.Ct. 770, 773, 89 L.Ed. 1171. We hold that the judgment of the Supreme Court of Hawaii was final.

many decisions upholding the constitutionality of Fair Trade Acts as to non-

signers and those holding to the contrary."

Some, though not all, of the appellant's contentions as to invalidity of the Hawaii Fair Trade Act are based upon Hawaii's status as a territory. With respect to these, appellee argues that the appeal is bound to become moot on admission of Hawaii as a state. Hence, it argues, the appeal should be dismissed.

■■ We must reject this contention for three reasons: First, it does not affect all contentions made by appellant, (see, e. g., items (5), (6), (7) and (8) in footnote 1a, supra); second, we know of no rule permitting dismissal for prospective mootness, and third, it is at least arguable that the status of territorial laws would not automatically be changed as to their validity, by statehood.[3]

The motion to dismiss the appeal is denied.

---

3. See § 15 of the Hawaiian Statehood Act, Public Law 86-3, 86th Congress, March 18, 1959: "All Territorial laws *in force* in the Territory of Hawaii at the time of its admission into the Union shall continue in force in the State of Hawaii * * *." 73 Stat. 11. (*Emphasis added*.)