## MOORE *v.* ROBBINS.

A decree in a court below, reversing a decree where, on a bill to foreclose a mortgage, a court below *it* had decreed in favor of the complainant, and "remanding" the case to such inferior court for "such other and further proceedings as to law and justice shall appertain," is not a final decree within either the Judiciary Act of 1789 or the act of 1867 amendatory of it. A writ taken on a contrary assumption dismissed.

ON motion by *Mr. R. E. Williams (the plaintiff in error himself opposing*), to dismiss a writ of error to the Supreme Court of Illinois; the ground of the motion being that no final judgment or decree had been rendered.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

The suit was a bill in equity, filed by Robbins in the Circuit Court of De Witt County to foreclose a mortgage. That court decreed in favor of complainant. The defendants removed the case by appeal to the Supreme Court of the State. There the decree of the lower court was reversed and the case was "remanded to the Circuit Court for such other and further proceedings as to law and justice shall appertain." The ground of reversal does not appear in the record. A rehearing was applied for by the defendants and granted by the court. The case was reheard and the former decree was affirmed. The defendants thereupon prosecuted this writ and are the plaintiffs in error in this court.

Both the Judiciary Act of 1789,* and the amendatory act of 1867,† limit the jurisdiction of this court in this class of cases to final judgments and decrees. The decree of the Supreme Court of Illinois before us is not of that character.‡

WRIT DISMISSED.

---

* Section 25, 1 Stat. at Large, 85.    † 14 Id. 585.

‡ Brown *v.* The Union Bank of Florida, 4 Howard, 465; Pepper et al. *v.* Dunlap et al., 5 Id. 51; Tracy *v.* Holcombe, 24 Id. 426.