## MORGAN et al. v. THOMPSON et al.

(Circuit Court of Appeals, Eighth Circuit. July 9, 1903.)

No. 1,862.

1. CIRCUIT COURTS OF APPEALS—APPELLATE JURISDICTION—REVIEW OF FINAL DECISIONS.

The appellate jurisdiction of the United States Circuit Courts of Appeals is limited to the review by writs of error or appeals of final decisions of the courts below. U. S. Comp. St. 1901, p. 549, § 6, Act March 3, 1891, c. 517, § 6, 26 Stat. 828; Act March 1, 1895, c. 145, § 11, 28 Stat. 698.

2. FINAL DECISION—DEFINITION.

A final decision completely determines the rights of the parties affected by it. An order, judgment, or decree which does not substantially and completely determine the rights of the parties affected by it in the suit, so that, if it should be affirmed, the court below would have nothing to do but to execute the order, judgment, or decree it had already rendered, is not a final decision, and cannot be reviewed in the Circuit Court of Appeals.

3. SAME—JUDGMENT REVERSING AND REMANDING NOT A FINAL DECISION.

A judgment of the United States Court of Appeals in the Indian Territory which reverses the judgment of an inferior court, and remands

---

¶ 1. Orders, decrees, and judgments reviewable in Circuit Courts of Appeals, see note to Salmon v. Mills, 13 C. C. A. 374.

¶ 2. What decrees are final, see note to Brush Electric Co. v. Electric Imp. Co., 2 C. C. A. 379.

the case for further proceedings, in which the trial court may determine the rights of the parties, is not a final decision, and is not reviewable in the United States Circuit Court of Appeals.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

W. A. Ledbetter, S. T. Bledsoe, and J. B. Thompson, for plaintiffs in error.

O. W. Patchell and A. F. Pyeatt, for defendants in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge. This is a writ of error to review a judgment of the United States Court of Appeals of the Indian Territory which reversed a judgment of the United States Court for the Southern District of the Indian Territory, overruling a demurrer to a petition, and remanded the case to the trial court "for further proceedings to be therein had according to law, and not inconsistent with the opinion herein delivered."

The jurisdiction of this court to review the judgment of the United States Court of Appeals of the Indian Territory is derived from this provision of section 11, c. 145, Act March 1, 1895, 28 Stat. 698:

"Writs of error and appeals from the final decision of said appellate court shall be allowed and may be taken to the Circuit Court of Appeals for the Eighth Judicial Circuit in the same manner and under the same regulations as appeals are taken from the circuit courts of the United States."

The act creating the Circuit Courts of Appeals grants jurisdiction to them to review the decisions of the Circuit Courts of the United States, in these words:

"That the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the district court and the existing circuit courts in all cases other than those provided for in the preceding section of this act unless otherwise provided by law." U. S. Comp. St. 1901, p. 549, § 6, Act March 3, 1891, c. 517, § 6, 26 Stat. 828.

A final decision, within the meaning of these provisions of the acts of Congress, is one which completely adjudicates the rights of the parties to the suit, so that if it is affirmed the court below will have nothing to do but to execute the judgment or decree which evidences the decision it has already rendered. An order, judgment, or decree which does not have this effect—one which leaves the rights of the parties to the suit undetermined and subject to farther adjudication—is not a final decision, and the Courts of Appeals have no jurisdiction to review it. Standley v. Roberts, 59 Fed. 836, 839, 8 C. C. A. 305, 308; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 85, 49 C. C. A. 229, 233; Carmichael v. City of Texarkana, 116 Fed. 845, 846, 54 C. C. A. 179, 180, 58 L. R. A. 911. The judgment challenged by the writ of error in this case reversed the judgment below, and remanded the case to the trial court for further proceedings. The plaintiffs, William J. Thompson, Samuel C. Wall, and Ellen Wall, had brought an action of forcible entry and detainer against the defend-

ants, William Morgan and Robert Morgan. The case had proceeded until a second amended petition had been interposed by the plaintiffs, and a demurrer to it by the defendants. The trial court sustained the demurrer and entered a judgment for the defendants. The plaintiffs appealed to the United States Court of Appeals in the Indian Territory. That court held the petition sufficient, reversed the judgment below, and remanded the case to the trial court for further proceedings not inconsistent with its opinion. The effect of this ruling of the Court of Appeals is to compel the trial court to overrule the demurrer, to permit the defendants to answer and to proceed to a trial of the issues which may be raised by the pleadings. The statutes of the Indian Territory provide that "upon a demurrer being overruled the party demurring may answer or reply." Ind. T. Ann. St. 1899, § 3284; Mansf. Dig. § 5079. Thus it conclusively appears that the judgment of the Court of Appeals reversing the judgment of the trial court is not a final decision of the rights of the parties to the controversy, but that these rights remain undetermined, and subject to the trial of the issues which are yet to be framed and determined in the trial court.

The Supreme Court has jurisdiction in certain classes of cases to review "a final judgment or decree in any suit in the highest court of a state." Rev. St. § 709, U. S. Comp. St. 1901, p. 575, § 709. But that court held that a judgment of the Supreme Court of Wisconsin reversing a judgment of an inferior court which overruled a demurrer to a complaint was not a final judgment, and could not be reviewed in that court, because it did not finally determine the rights of the parties but remanded the case to the court below for further proceedings. Great Western Tel. Co. v. Burnham, 162 U. S. 339, 341, 342, 16 Sup. Ct. 850, 40 L. Ed. 991. There is a long line of decisions in that court to the effect that a judgment of a supreme court of a state reversing a judgment, order, or decree of a trial court, and remanding the case for farther proceedings either at law or in equity, is not a final decision, and cannot be reviewed by the Supreme Court of the United States. Moore v. Robbins, 18 Wall. 588, 21 L. Ed. 758; St. Clair v. Livingston, 18 Wall. 628, 21 L. Ed. 813; Parcels v. Johnson, 87 U. S. 653, 22 L. Ed. 410; Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; Brown v. Union Bank, 4 How. 465, 11 L. Ed. 1058; Pepper v. Dunlap, 5 How. 51, 12 L. Ed. 46; Tracy v. Holcombe, 24 How. 426, 16 L. Ed. 742; McComb v. Commissioners of Knox Co., 91 U. S. 1, 23 L. Ed. 85; Baker v. White, 92 U. S. 176, 23 L. Ed. 480; Davis v. Crouch, 94 U. S. 514, 24 L. Ed. 281; Whiting v. United States Bank, 13 Pet. 6, 10 L. Ed. 33; Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404; Craighead v. Wilson, 18 How. 199, 15 L. Ed. 332; Beebe v. Russell, 19 How. 283, 15 L. Ed. 668; Bronson v. Railroad Co., 2 Black, 524, 17 L. Ed. 347; Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94; Railroad Co. v. Swasey, 23 Wall. 405, 23 L. Ed. 136; Crosby v. Buchanan, 23 Wall. 420, 23 L. Ed. 138; Commissioners v. Lucas, 93 U. S. 108, 23 L. Ed. 822; Rice v. Sanger, 144 U. S. 197, 12 Sup. Ct. 664, 36 L. Ed. 403. Whether the question be considered from the standpoint of reason or of authority, the conclusion is inevitable that a judgment which reverses the order or judgment of a trial court,

and remands the case for a subsequent hearing and adjudication of the rights of the parties, is not a final decision which may be reviewed either in the Supreme Court or in this court under the acts of Congress to which reference has been made. The judgment of the Court of Appeals of the Indian Territory was of this character. This court is without jurisdiction to review it, and the writ of error must be dismissed.