### CABALLERO et al. v. Succession of CRIADO.

(Circuit Court of Appeals, First Circuit. March 6, 1918.)

No. 1309.

COURTS ⬯405(12)—APPELLATE JURISDICTION—DECISIONS REVIEWABLE—"FINAL JUDGMENT."

Act Jan. 28, 1915, § 2, 38 Stat. 804 (Comp. St. 1916, § 1126a), provides that writs of error and appeals from the final judgments and decrees of the Supreme Courts of the territory of Hawaii and of Porto Rico may be taken and prosecuted in the Circuit Courts of Appeals in cases involving over $5,000. Rev. St. & Codes Porto Rico, § 5350, provides that, when a judgment of the lower court shall be reversed by the Supreme Court, that court shall proceed to render such judgment as the court below should have rendered, or may under certain conditions remand the cause for new trial in the court below. *Held*, that a judgment of the Supreme Court, reversing a judgment of the court below and remanding the cause for a new trial, is not a "final judgment," reviewable on writ of error by the Circuit Court of Appeals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Error to Supreme Court of Porto Rico.

Action by the Succession of Miguel Criado y Blas against Angel Martinez Caballero and others. From a judgment of the Supreme

Court of Porto Rico, reversing the judgment of a district court, defendants bring error. Dismissed, for want of jurisdiction.

Hollis R. Bailey, of Boston, Mass. (José A. Poventud, of Ponce, Porto Rico, on the brief), for plaintiffs in error.

Vincente Zayas Pizarro, of Ponce, Porto Rico, for defendant in error.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error to review a judgment of the Supreme Court of Porto Rico in an action brought in the district court of Ponce by Rosa, Aurora, Maria, and Miguel Criado y Rodriguez, the acknowledged natural children of Miguel Criado y Blas and constituting his succession, against Angel and Manuel Martinez Caballero, praying that a certain deed of conveyance executed by Pedro José Alvarado, as testamentary executor of the estate of Miguel Criado y Blas, to the defendants be adjudged null and void; that the plaintiffs be declared the sole and absolute owners of the land conveyed; that the defendants be ordered to reinstate the plaintiffs in the possession of the land, and pay to them $18,000 as mesne profits or damages for the use and occupation of the same; that the record of the deed in question in the registry of property of Caguas be canceled; and that the defendants be ordered to pay the plaintiffs their costs, disbursements, and counsel fees.

In the district court a trial was had and judgment was entered in favor of the defendants, overruling "the complaint in all its parts." At the same time an opinion was filed setting forth the grounds upon which the judgment was based, to wit, that the conveyance by the executor, Alvarado, to the defendants, was not void, and that, in any event, the action was barred by the limitation prescribed in section 1268 of the Civil Code.

From this judgment an appeal was taken to the Supreme Court of Porto Rico, where an opinion was rendered and a judgment entered, reversing the judgment of the lower court and remanding the case "for further proceedings not inconsistent with said opinion." In the opinion it was held (1) that the prescriptive period of four years on which defendants relied was not applicable; and (2) that the deed of conveyance was void for the reason that the power given the executor in the will—to "sell property if necessary for the settlement of the estate"—was subject to the restriction imposed by section 875 of the Revised Civil Code, the plaintiffs being forced heirs of the testator, and minors; that in such case a sale and transfer of land by an executor without the intervention of the heirs and without the authorization of the court is void.

To review this judgment the present writ of error was prosecuted by the defendants, under section 246 of the Judicial Code of 1911, as amended by chapter 22, section 2, of the Act of January 28, 1915 (38 Stat. at Large, pp. 803, 804; Compiled Stat. of 1916, § 1126a), the material portion of which reads as follows:

"Writs of error and appeals from the final judgments and decrees of the Supreme Courts of the territory of Hawaii and of Porto Rico, wherein the

amount involved, exclusive of costs, to be ascertained by the oath of either party or other competent witness, exceeds the value of $5,000, may be taken and prosecuted in the circuit courts of appeals."

The defendants contend that the judgment in question is a final judgment, within the meaning of the above statute, from which a writ of error will lie. If this is not so, we are without jurisdiction to pass upon the merits of the case. This question, therefore, must first be determined.

In the Compilation of the Revised Statutes and Codes of Porto Rico, it is provided:

"(5350) Sec. 306. (As amended by Act of March 8, 1906, page 164.) When the judgment, order or decree of the court below shall be reversed, the court shall proceed to render such judgment, order or decree as the court below should have rendered, except when it is necessary that some matters of facts be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, in any of which cases the cause shall be remanded for a new trial in the court below."

This statute is the authority under which the Supreme Court of Porto Rico acted in entering the judgment to review which this writ of error is brought. It requires that court, upon reversal of a judgment of the court below, to render such judgment as the lower court should have rendered, except in cases where it is necessary that some matters of fact be ascertained, or the damage to be assessed or the matter to be decreed is uncertain, when it is required to remand the case for a new trial. The judgment in this case discloses on its face that the Supreme Court did not undertake to enter a final judgment, or to direct the court below to enter such a judgment, if it had authority to so direct, but that, having reversed the judgment below, it remanded the case for such further proceedings as might be deemed necessary before a final judgment should be entered.

Furthermore, the judgment was not only not final in form, but it was not so in substance. The record discloses that the case had not reached such a stage that a final judgment could properly have been entered. The reversal of the judgment below left matters undecided which of necessity had first to be determined before final judgment could be entered, such as whether the possession of the land should be restored to the plaintiffs, and, if so, whether the plaintiffs were entitled to mesne profits or damages and the amount thereof.

The question whether a judgment in this form is final, in the sense that will sustain a writ of error or an appeal, has been many times passed upon by the Supreme Court in cases involving the construction of statutes differing in no material respect from the one here under consideration, and it has been held that judgments couched in like terms were on their face not final, and that the court in such case was not called upon to ascertain whether it was final in substance.

In Schlosser v. Hemphill, 198 U. S. 173, 25 Sup. Ct. 654, 49 L. Ed. 1000, a judgment of the Supreme Court of Iowa, reversing the judgment of the district court of Palo Alto county in favor of the plaintiff, read as follows:

"It is therefore considered by the court that the judgment of the court below be and it is hereby reversed and set aside, and the cause is remanded

for further proceedings in harmony with the opinion of this court, and that a writ of procedendo issue accordingly."

A writ of error from the Supreme Court of the United States having been sued out and a motion to dismiss interposed, Chief Justice Fuller, writing for the court, said:

"By its judgment the Supreme Court of Iowa reversed the decree of the trial court and remanded the cause 'for further proceedings in harmony with the opinion of this court.' We have heretofore held that a judgment couched in such terms is not final in such a sense as to sustain a writ of error from this court. Haseltine v. Bank, 183 U. S. 130 [22 Sup. Ct. 49, 46 L. Ed. 117]. It was there ruled that the face of the judgment is the test of its finality, and that this court cannot be called on to inquire whether, when a cause is sent back, the defeated party might or might not make a better case."

In Louisiana Navigation Company v. Oyster Commission, 226 U. S. 99, 33 Sup. Ct. 78, 57 L. Ed. 138, the Supreme Court, in considering the question in a case presenting a like state of facts, said:

"The rule established by the authorities * * * is that on the question of finality the form of the judgment is controlling, and hence that this court cannot for the purpose of determining whether its reviewing power exists be called upon to disregard the form of the judgment in order to ascertain whether a judgment which is in form not final might by applying the state law be treated as final in character."

The latest case on the subject that has come to our attention is Bruce, Administrator, v. Tobin, 245 U. S. 18, 38 Sup. Ct. 7, 62 L. Ed. ——, where it was held that, although the action of the Supreme Court of the state "was in a sense final, because it determined the ultimate right of the father to recover and the general principles by which that right was to be measured," nevertheless that contention was not open, "as it was settled under section 709, Rev. Stat. (section 237, Judicial Code [Comp. St. 1916, § 1214]), that the finality contemplated was to be determined by the face of the record and the formal character of the judgment rendered—a principle which excluded all conception of finality for the purpose of review in a judgment like that below rendered."

In cases where the courts have felt called upon to go back of the form of the judgment and determine whether it was final in fact, it has uniformly been held that, unless the judgment substantially and completely determined the rights of the parties to the action affected by it, it was not final. Morgan v. Thompson, 124 Fed. 203, 59 C. C. A. 672; Standley v. Roberts, 59 Fed. 836, 8 C. C. A. 305; Carmichael v. City of Texarkana, 116 Fed. 845, 54 C. C. A. 178, 58 L. R. A. 911, and cases there cited. This was the basis of the decision in Winthrop Iron Co. v. Meeker, 109 U. S. 180, 183, 3 Sup. Ct. 111, 27 L. Ed. 898, a case relied upon by the defendant. There it was held that, as the record disclosed that the merits of the case involved in the litigation had terminated, and nothing remained to be done but to carry what had been decreed into execution, the decree was final. The other cases relied upon by the defendants are of like import. See, also, Carondelet Canal & Navigation Company v. Louisiana, 233 U. S. 362, 370, 34 Sup. Ct. 627, 58 L. Ed. 1001. But the record in the present case shows

as above pointed out, that the judgment we are considering is not of that character.

The writ of error is dismissed for want of jurisdiction.