## UNITED PORTO RICAN SUGAR CO. (OF PORTO RICO) v. SALDANA.

### No. 2873.

Circuit Court of Appeals, First Circuit.

Dec. 19, 1934.

See, also, 74 F.(2d) 410.

Earle T. Fiddler, of San Juan, P. R., for appellant.

Francis H. Dexter, of San Juan, P. R., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and LETTS, District Judge.

BINGHAM, Circuit Judge.

May 19, 1931, the plaintiff (appellant) brought an action of revindication (ejectment) against the defendant (appellee) in the federal District Court for Puerto Rico, to recover a triangular tract of land of 6.81 cuerdas, claimed by the defendant to be owned by him as a part of a larger property called "La Lechuga." Thereafter, on May 23, 1931, the defendant filed a cross-bill to quiet title to his property "La Lechuga," including the triangular tract of land of 6.81 cuerdas, and to remove a cloud therefrom, and, among other things, in the eighth article of his cross-bill, alleged that the plaintiff, without authority, had built "a so-called derivation canal to conduct water from the Gurabo River over the 6.81 cuerdas portion of the said property La Lechuga to the central sugar factory of said company situated upon property of said company contiguous or near to the said property Lechuga of defendant, and that the so-called derivation canal is unlawfully upon the said property of defendant and because of its improper construction is causing damage to the said property La Lechuga by the escape of water from said canal and by the obstruction which the same causes to defendant in the free use of his said property, thus constituting not only an unlawful appropriation of the said 6.81 cuerdas of land but great damage to the rest of the said property and to adjoining properties of defendant." The prayer of the cross-bill was in part:

"That the court ascertain and allow such damages as defendant may have suffered by the unlawful construction and maintenance of the said so-called derivation canal over the said property Lechuga and the other properties of defendant and to render a decree against plaintiff and in favor of defendant for such damages."

To the cross-bill, the plaintiff filed a replication asserting title and right of possession to the triangular tract of 6.81 cuerdas, increased by amendment to 10.09 cuerdas, disclaiming as to the balance. By an order of the court and with the consent of the parties, the action at law for revindication was transferred to the equity side of the court for hearing by the court on the cross-bill and replication. The case having been heard, the judge of the District Court, on October 19, 1932, filed an opinion, findings of fact, and conclusions of law, and, although he found in favor of the defendant on the cross-bill he failed to make any findings as to the damages sustained by him.

On November 12, 1932, a decree was entered as of October 19, 1932, in favor of the defendant as to the main issues in the case, granting an injunction quieting title, but awarding no damages to the defendant. In the sixth article of the decree it was stated:

"The court declines to retain this cause for the assessment and determination of damages to which defendant may be entitled but leaves the same to his ordinary action for the recovery thereof. This decree is final upon the issues presented, considered and determined."

At the trial on cross-bill the defendant introduced evidence on the question of damages in part, at least, as follows:

"Q. 64. What has been the effect, if any, of the construction of this derivation canal upon your property? A. The high land of this property has been washed down from good ground to bad ground, lands have been converted into inferior lands, nothing but rocks and stones.

"Q. 65. With reference to the free use of this property, has this canal had any effect? A. Of course, because it has deprived me of the property because one cannot cross the canal. It divides the property into two parts."

"Q. 70. Please state the damage, if any, done to your property 'La Lechuga' or any other property adjoining the 'Lechuga' by the construction of this derivation canal. State in money. A. $20,000.00."

From the decree entered November 12, 1932, as of October 19, 1932, the plaintiff, United Porto Rican Sugar Company, on January 13, 1933, filed its petition for appeal, which was allowed the following day.

Appeals to this court from the District Court for Puerto Rico may be had under section 128 of the Judicial Code, as amended (28 USCA § 225).

Appeals from that court authorized by section 128 are from final decrees. The decree here appealed from was not a final one. To be final, it must dispose of all the issues in the case. Wright v. Taft-Peirce Mfg. Co. (C. C. A.) 287 F. 131; American Sugar Refining Co. v. Nassif (C. C. A.) 45 F.(2d) 321; Collins v. Miller, 252 U. S. 364, 370, 371, 40 S. Ct. 347, 64 L. Ed. 616.

The decree did not answer the statutory requirement, for the court below did not pass upon the question of damages. It refused to do so, although the cross-bill asked for damages and evidence of damages was presented. In this situation—a situation to be regretted—this court is powerless to pass upon the main issues in the cause for it is without jurisdiction, and the appeal must be dismissed. When the question of damages is determined in the District Court and the decree already entered there is supplemented by a provision awarding or denying damages, it will be final and an appeal will lie therefrom to this court, if one is desired.

The appeal is dismissed for want of jurisdiction.