PEOPLE OF PUERTO RICO v. UNITED THEATRES, Inc., et al.

No. 3056.

Circuit Court of Appeals, First Circuit.

Oct. 29, 1935.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., of Puerto Rico, and Nathan R. Margold, of Washington, D. C., on the brief), for appellant.

Carroll G. Walter, of New York City (Henri Brown, of San Juan, P. R., on the brief), for appellees.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from an order or judgment of the Supreme Court of Puerto Rico of December 10, 1934, vacating an order of the District Court of San Juan of June 16, 1934, continuing a preliminary injunction enjoining two of the defendants, Rafael Ramos Cobian and the United Theatres, Inc., from constructing a building for a moving picture theater on certain land leased by the Commissioner of the

Interior, representing the People of Puerto Rico, to Rafael Ramos Cobian without authority so to do, and by him leased to the United Theatres, Inc., and other defendants in violation of the terms of the lease, and enjoining all the defendants that let out films from continuing to give preferences in the letting out of their films, and remanding the case to the District Court of San Juan for further proceedings.

The order or judgment reads as follows:

"For the reasons stated in the foregoing opinion, the order entered by the District Court of San Juan on June 16, 1934, in civil suit No. 21,027 of said court, entitled 'The People of Puerto Rico, Plaintiff, v. United Theatres, Inc., et als., Defendants', in so far as it refused to set aside its previous restraining order or so much thereof as provides for relief under the terms of the local anti-trust law of 1907 as the sole basis of such relief, is hereby annulled, and, giving The People of Puerto Rico the benefit of any doubt that may arise as to certain questions which we have not discussed nor decided herein, the case is remanded for such further proceedings in the District Court as may be within its jurisdiction, proper in its present action, and not inconsistent with the terms of the said opinion."

It is apparent that the order or judgment appealed from is not on its face a final one. Neither is it in substance a final order or judgment. The allegations of the complaint to the effect that the lease was void because the Commissioner of the Interior of Puerto Rico was not authorized to make the same, and was also void because of one or all of the other reasons there mentioned, were not passed upon in the opinion or included in the judgment. The court considered in the opinion and included in the judgment only such features of the complaint as related to the local anti-trust laws of Puerto Rico of 1907 and as to the matters alleged in the bill and not considered it remanded the case for further proceedings in the court below.

We considered a like matter in Caballero v. Succession of Criado, 250 F. 345, 347, in which the court said:

"The judgment in this case discloses on its face that the Supreme Court did not undertake to enter a final judgment, or to direct the court below to enter such a judgment, if it had authority to so direct, but that, having reversed the judgment below, it remanded the case for such further proceeding as might be deemed necessary before a final judgment should be entered.

"Furthermore, the judgment was not only not final in form, but it was not so in substance. The record discloses that the case had not reached such a stage that a final judgment could properly have been entered. The reversal of the judgment below left matters undecided which of necessity had first to be determined before final judgment could be entered, such as whether the possession of the land should be restored to the plaintiffs, and, if so, whether the plaintiffs were entitled to mesne profits or damages and the amount thereof.

"The question whether a judgment in this form is final, in the sense that will sustain a writ of error or an appeal, has been many times passed upon by the Supreme Court in cases involving the construction of statutes differing in no material respect from the one here under consideration, and it has been held that judgments couched in like terms were on their face not final, and that the court in such case was not called upon to ascertain whether it was final in substance."

The Organic Act of Porto Rico of March 2, 1917, c. 145, § 43 (39 Stat. 951, 966 [48 USCA § 865]), provides:

"Sec. 43. That writs of error and appeals from the final judgments and decrees of the Supreme Court of Porto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit and to the Supreme Court of the United States, as provided by law."

Section 128 of the Judicial Code (US CA tit. 28, § 225) provides:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions— * * *

"Fourth. In the Supreme Courts of the territory of Hawaii and of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings."

There is no statute giving a right to a writ of error or appeal from an interlocu-

tory order or decree of the Supreme Court of Puerto Rico to this court.

The order or decree in the present case not being a final one disposing of the case, no appeal therefrom to this court lies. Caballero et al. v. Succession of Criado (C. C. A.) 250 F. 345, 346, 347; Waialua Agr. Co., Limited, v. Christian (C. C. A.) 52 F.(2d) 847; United Porto Rican Sugar Co. v. Saldana (C. C. A.) 74 F.(2d) 409, 410, and cases there cited.

The appeal is dismissed for want of jurisdiction.