### UNITED PORTO RICAN SUGAR CO. v. SALDANA.

No. 2874.

Circuit Court of Appeals, First Circuit.

Nov. 7, 1935.

Earle T. Fiddler, of San Juan, P. R., for appellant.

Dexter & Dexter and Francis H. Dexter, all of San Juan, P. R., for appellee.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This bill of complaint was brought May 1, 1931, by the United Porto Rican Sugar Company against Saldana in the federal District Court for Puerto Rico in aid of its suit at law, wherein it sought to establish title to and recover possession of a triangular tract of land of 6.81 cuerdas, and prayed for an injunction restraining Saldana from in any way interfering with the "derivation canal" so far as it was located and constructed over and across the triangular piece of 6.81 cuerdas.

In this proceeding a temporary restraining order, as requested, was granted May 1, 1931, and on May 9, 1931, was continued in force until after the trial and disposition of the law case. On November 12, 1932, the District Court entered a decree dismissing the bill and dissolving the restraining order. This decree recites the transferring of the law action to the equity side of the court and how, on October 19, 1932, after trial of the cause in equity, the court rendered a decree for the defendant Saldana, and that the decree was duly entered of record November 12, 1932. The decree in this case then states: "In view of the said decree, the findings of fact and the conclusions of law [made in the equity and law cases], the court dismisses the complaint filed in this cause and dissolves the preliminary order heretofore granted herein, with costs in favor of the defendant."

From this decree, the United Porto Rican Sugar Company, on January 13, 1933, presented a petition to appeal and assignments of error, and on January 14, 1933, the petition was granted and the appeal allowed. In the order allowing the appeal it was further ordered that upon the execution and filing of a sufficient bond in the sum of $1,000 conditioned to pay all damages that may be suffered by defendant by reason of the retention of plaintiff's derivation canal across the tract of 6.81 cuerdas "the or-

'der heretofore granted restraining the defendant, his agents, assigns and employees, and all persons acting under his authority, from in any way or manner impeding or stopping the flow of water from the Gurabo River, through the derivation canal" or in any way interfering with the said canal 'or the operation of the same, "be, and the same is hereby restored and continued pending the said appeal."

This equity appeal was filed in this court November 5, 1933, and its disposition since then has been awaiting the vicissitudes attending the preparation of the record and disposition of the action at law and of the defendant's cross bill in (C. C. A.) 74 F.(2d) 409, and United Porto Rican Sugar Co. v. Fernando Del Toro (C. C. A.) 80 F.(2d) 14. It is now brought to the attention of the court that the United Porto Rican Sugar Company, on June 29, 1934, transferred all its right, title and interest in the lands involved in this proceeding to the Eastern Sugar Associates and its trustees; and that the Eastern Sugar Associates and its trustees have not become parties to this proceeding in this court.

In view of this, it is ordered that unless the Eastern Sugar Associates and its trustees apply to this court for leave to intervene and become parties to and revive this proceeding within thirty days from the entry of this order, the appeal will stand dismissed, and the restraining order dissolved.

And it is so ordered.