## UNITED PORTO RICAN SUGAR CO.
### et al. v. DEL TORO.
#### No. 3030.

Circuit Court of Appeals, First Circuit.
Nov. 7, 1935.

See, also, United Porto Rican Sugar Co. v. Saldana (C. C. A.) 80 F.(2d) 13.

E. T. Fiddler, H. S. McConnell, and Fiddler, Cordova & McConnell, all of San Juan, P. R., for appellants.

F. H. Dexter and Donald R. Dexter, both of San Juan, P. R., for appellee.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

In our opinion in United Porto Rican Sugar Co. v. Fernando del Toro Saldana, 74 F.(2d) 409, filed December 19, 1934, we held that the decree entered November 12, 1932, as of October 19, 1932, was not a final decree; that no appeal from it under section 128 of the Judicial Code lay to this court; and dismissed the cause for want of jurisdiction. The decree was not final in that it failed to dispose of the question of damages sought by the cross-bill and as to which there was evidence.

Since the dismissal of the appeal, the cross-petitioner has moved in the District Court to amend his petition by withdrawing the prayer for damages, which has been allowed, and a so called final decree was entered on January 15, 1935, confirming the decree and findings of fact and conclusions of law made and entered in the cause November 12, 1932, as of October 19, 1932, saving and excepting paragraph 6 relating to the question of damages. And, on March 4, 1935, the United Porto Rican Sugar Company, Harry N. Baetjer, Clarence K. Bowie, Fred G. Boyce, Louis S. Zimmerman, Harry E. Henneman, Burt O. Clark, and Earle T. Fiddler, as trustees of Eastern Sugar Associates, and not individually, filed a petition for leave to appeal from the so-called decree of January 15, 1935, and filed assignments of error. But it appears in the additional record covering these matters that on June 10, 1935, the cross-petitioner filed a motion setting out that the United Porto Rican Sugar Company, by deed executed June 29, 1934, conveyed its right, title, and interest in the lands involved in this suit to its successor in interest, the Eastern Sugar Associates, formed under the laws of Maryland, the trustees of which were Harry N. Baetjer, Clarence K. Bowie, Fred G. Boyce, Louis S. Zimmerman, Harry S. Henneman, Burt O. Clark and Earle T. Fiddler, and requesting the court for an order making the Eastern Sugar Associates and its trustees parties to his cross petition. The additional record relating to these matters, however, fails to show that the District Court ever made an order granting the motion and making the Eastern Sugar Associates and its trustees parties defendant to the cross petition or plaintiffs in the law action.

Assuming, as we must, that no order allowing the motion to make the associates and its trustees parties was entered in the District Court, that court was without jurisdiction over the necessary parties in interest to enter the decree of January 15, 1935; for it appears (1) that at that time and for months prior thereto the United Porto Rican Sugar Company had no interest in the suit, having parted with its title or interest in the lands in question by the deed of June 29, 1934, and (2) that the Eastern Sugar Associates and its trustees have at no time since acquiring title and interest been made parties to the suits.

Then again, the United Porto Rican Sugar Company, having parted with all its interest in the controversy, could not appeal from the so-called decree of January 15, 1935, and the Eastern Sugar Associates and its trustees, not having become parties to the proceedings at law and in equity, could not appeal from the so-called decree. In other words, the matter stands no differently now from what it did after the dismissal of the appeal by our order of December 19, 1934, and if the Eastern Sugar Associates and its trustees, to whom the title to the land in question has been conveyed, desire to have a final decree entered in this cause in the District Court from which an appeal may then be taken, they must become parties to the proceedings pending in that court so that a binding decree may be entered and an appeal taken therefrom.

The present appeal No. 3030, is dismissed.