**PACIFIC INTERNATIONAL RICE MILLS, INC., Plaintiff, Appellant,**

v.

**FABREGAS & CO., Inc., Defendant, Appellee.**

**No. 5471.**

United States Court of Appeals
First Circuit.
March 3, 1959.

---

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

We have before us a motion by appellee, filed under our Rule 39, 28 U.S.C., entitled "Special Additional Procedure Governing Appeals from the Supreme Court of Puerto Rico."

Though the sketchy so-called "statement on appeal" filed by appellant does not disclose to us what the case is all about, we gather from appellee's motion under Rule 39 with supporting brief, and from an examination of the certified record in the case on file in our Clerk's office, that a complaint was filed in the Superior Court of Puerto Rico by the present appellant, asking judgment against the defendant in the sum of $34,-144.02 on three bills of exchange, which was later reduced to $32,689.82 by an amendment. The defendant therein filed a counterclaim for breach of contract, asking for a judgment in the sum of $63,237.17 as damages. The Superior Court granted plaintiff's motion for summary judgment, gave judgment against the defendant in the amount of $32,-689.82, and dismissed defendant's counterclaim upon the view that "counterclaimant has failed to state facts constituting a cause of action in support of its counterclaim." Whereupon, the defendant took an appeal to the Supreme Court of Puerto Rico, and on October 22, 1958, that court gave judgment reciting as follows:

"After examining the record of this case and after considering the errors assigned by the appellant, the Court finds that there exists in this case a genuine issue of fact in connection with the counterclaim which should be decided after the corresponding hearing. The judgment appealed from rendered by the Superior Court, San Juan Part, in the above-captioned case, is hereby reversed and the case remanded for further proceedings consistent with this judgment."

Joshua Hellinger, San Juan, P. R., for appellant on statement on appeal under Rule 39(a).

J. A. Cintron Rivera, George Weasler, Santurce, P. R., and Francisco Castro Amy, San Juan, P. R., for appellee on motion to affirm under Rule 39(b).

Under 28 U.S.C. §§ 1293 and 1294(6), this court has jurisdiction of appeals from "all final decisions" of the Supreme Court of Puerto Rico, "in all cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs." It is settled that a judgment of the Supreme Court of Puerto Rico which does not finally dispose of the litigation but merely remands the case to a lower court for a new trial is not a "final decision" within the meaning of 28 U.S.C. § 1293. Caballero v. Succession of Criado, 1 Cir., 1918, 250 F. 345; Ocean Park Development Corp. v. People of Puerto Rico, 1 Cir., 1953, 204 F.2d 371. Accordingly we shall have to dismiss the present appeal for lack of appellate jurisdiction.

In so doing we do not wish to be taken as approving the sufficiency in form under our Rule 39 of the statement on appeal filed by appellant in this case. The filing by appellant of such a statement is not a purely formal requirement but is intended to disclose to this court in summary fashion "fully and explicitly the basis on which it is contended that this court has jurisdiction upon appeal to review the judgment" of the Supreme Court of Puerto Rico. Particularly where such appeal presents only questions of local law, appellant is required to set forth in his statement on appeal data necessary to show, from his point of view, that the judgment appealed from is "inescapably wrong" or "patently erroneous". And it is also the duty of the appellant "to refer in the statement on appeal to such portions of the record" which disclose that the value in controversy exceeds $5,000. If we otherwise had jurisdiction of this appeal, we should therefore be obliged to dismiss this appeal for failure of appellant to file a proper "statement on appeal" as required by our Rule 39.

An order will be entered dismissing the appeal for lack of jurisdiction.